[No. 20917.   Department One. — July 23, 1892.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE W. FRENCH, APPELLANT.

CRIMINAL LAW — LARCENY — EVIDENCE — IRRELEVANT STATEMENTS — CROSS-EXAMINATION — OBJECTIONS — MOTION TO STRIKE OUT. — The fact that a witness, upon the trial of a defendant charged with the larceny of cattle, made irrelevant statements in his examination in chief as to the acts of the defendant with reference to other cattle, does not give the defendant the right to enter into a cross-examination upon such matters. The remedy of the defendant is to object to the questions, if such were asked, and if the statements were volunteered, a motion to strike out should be made.

ID. — TIME NOT OF ESSENCE OF OFFENSE — ALIBI — INSTRUCTIONS. — Where a defendant was charged with feloniously stealing and driving away cattle "on or about the twentieth day of November, 1890," and his defense was an *alibi*, an instruction to the jury to convict if they believed from the evidence, to a moral certainty, that the defendant stole, or aided in stealing, the cattle named in the information, although they might not believe that it was done on the 20th of November, 1890, but within a few days from that time, is proper, and does not deprive the defendant of the defense of *alibi*.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*McGee & Reardon*, for Appellant.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — The appellant, French, was convicted of the crime of grand larceny, and appeals from the judgment and order denying his motion for a new trial.

The court very properly sustained an objection to the question, "When was it you drove them there?" The interrogatory did not refer to the cattle which the defendant was charged with stealing, and was wholly irrelevant to the issue upon trial. The fact that the witness in his examination in chief made statements as to the acts of the defendant with reference to certain other cattle, which, as far as the record discloses, were statements volunteered by him, does not give appellant the right to enter into a cross-examination upon such matters. The subject-matter of examination was foreign to the issue, and appellant's remedy was an objection to the questions, if such were asked; and if the statements were volunteered, then a motion to strike out would have subserved all purposes.

The court gave the jury the following instruction: "The essence of the crime charged in this information is 'feloniously stealing and driving away the cattle.' This is charged to have been done on or about the 20th of November, 1890. You will see that the precise day on which it took place is not given. 'On or about' are the words of the information; and I instruct you that if you believe from the evidence in this case, beyond a reasonable doubt and to a moral certainty, that the defendant stole, or aided in stealing, the cattle named in the information, though you may not believe that it was done on the twentieth day of November, but within a few days of that time, then your verdict should be 'Guilty.' For the law looks to the crime committed, and not to the precise day when it was done, if done be

fore the filing of the information, and within a reasonable time of the day named. This is the law in all cases, except when time is of the essence of the crime charged, and, as I said before, time is not of the essence of the crime in this case."

Appellant's defense was an *alibi*, and while with argument he attacks the principle embodied in the foregoing instruction, no authority is cited in its support. Two witnesses claiming to be *particeps criminis* with appellant in the commission of the larceny testified that in company with him they took possession of and drove away the cattle upon the twentieth day of November. Other parties testified they saw appellant in possession of the cattle a day or two later in an adjoining county. Appellant's evidence tended strongly to show that he was in the town of Gridley upon the twentieth day of November, a town situate several miles distant from the scene of the alleged larceny. Upon this state of facts, the instruction expressed the law, and we are unable to see how the giving of it in any manner infringed upon the rights of appellant. As the court said, the exact date of the commission of the crime was immaterial. The material fact was, Did the appellant commit the larceny? He was not deprived of the effect of his evidence upon the question of *alibi* by the instruction of the court. It was before the jury for all that it was worth, and no doubt was fully weighed by the jurors in arriving at a verdict. If it had sufficient force, it overthrew the statements of his confederates as to the date of the larceny, and overthrowing their testimony in this regard would naturally weaken it as to the main issue, but all those matters came before the jury and were duly considered. We will suppose that appellant's evidence established beyond a doubt his presence in the town of Gridley during the entire day of November 20th; such fact would not have authorized the court to advise the jury to acquit by reason of an *alibi*. Again, if the evidence in this case had indicated appellant's guilt to a moral certainty, and conceding his *alibi* to have been proven as attempted,

certainly his acquittal would not have followed from such conditions. A complete and perfect *alibi* establishes as a fact that a party did not commit the offense charged; but the *alibi* attempted to be shown in this case, if it had been successfully established, would have entirely failed to meet such requirement of the law.

For the foregoing reasons, the judgment and order are affirmed.

Paterson, J., and Harrison, J., concurred.