RUFUS CONE, *as Sheriff of Sedgwick County*, **v. C. H. SMYTH.**

### No. 127.

1. EVIDENCE — *Voluntary Statement — Cross - Examination.* Where a voluntary statement is made by a witness upon immaterial matter and such statement is not objected to, it is not error for the court to refuse to permit a cross-examination of the witness with regard to the matter referred to in such statement.

2. TRIAL — *Remarks of Court and Counsel — Exceptions Necessary.* Remarks of court or counsel made during the trial of a cause must be excepted to at the time in order to be of any avail to the party complaining thereof upon review of the case. A remark of the court excepted to in this case, *held*, not error.

3. INSTRUCTIONS, *Not Erroneous.* The instructions in this case passed upon and, *held*, not erroneous.

4. VERDICT *Sustained.* The verdict in this case is sustained by the evidence and is not contrary to law.

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by C. H. Smyth against Rufus Cone, as sheriff of Sedgwick county, to recover for an alleged conversion of goods. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed June 3, 1896, states the material facts.

*J. V. Daugherty*, for plaintiff in error.

*J. D. Houston*, and *J. F. Craig*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought by C. H. Smyth against Rufus Cone, as sheriff of Sedgwick county, Kansas, for the conversion of a stock of goods. It appears from the record that E. D. Carlton, as the agent of his wife, H. H. Carlton, was conducting the grocery business in the city of Wichita.

A judgment was rendered against the Carltons in favor of the Fourth National Bank on the 18th day of September, 1891, and on the same date an execution was issued upon said judgment, and Cone, as sheriff, levied said execution upon the property in question as belonging to the defendants named therein. Upon the trial of the cause Smyth had judgment, and Cone brings the case here for review.

A number of errors is alleged, the first being that the trial court erred in rejecting the evidence offered by the plaintiff in error for the purpose of showing that the money claimed to have been advanced by Smyth to the Carltons was a part of the interest of Mrs. Carlton in the estate of H. O. Burleigh. Smyth claimed to be the absolute owner of this property under a certain bill of sale alleged to have been executed and delivered the day prior to the rendition of the judgment against the Carltons. The bill of sale was not of record, but it was claimed that immediate possession had been given to Smyth thereunder.

Upon the trial of the case, and while testifying as a witness on his own behalf, Smyth made the statement to the effect that none of the money which he had advanced to the Carltons was from the estate of H. O. Burleigh, in which Mrs. Carlton had an interest. Upon cross-examination, he was asked to testify whether the estate of Burleigh had been in process of settlement since 1888, and what advancement he had made, as administrator of said estate, to Mrs. Carlton, and the plaintiff in error complains of the ruling of the court sustaining an objection to such questions. The court committed no error in these rulings. The statement of the witness with regard to this matter was a voluntary one, not made in answer to any question propounded to him, but, as is disclosed by the

record, made in answer to the opening statement of counsel for the plaintiff in error to the effect that the money advanced by Smyth belonged to said estate. No objection was made to the statement and no motion to withdraw the same from the jury.

The same is true of the second specification of error, which refers to the ruling of the court sustaining an objection to certain testimony of a like character sought to be elicited from Mrs. Carlton. It was stated by counsel for plaintiff in error, at the time, that he was seeking to show by Mrs. Carlton that she had received money from the estate referred to, through Smyth as administrator, but no attempt and no offer were made to show that the money claimed to have been received by Mrs. Carlton was any portion of that which Smyth claimed to have loaned the Carltons, and which formed the basis of the alleged transfer of the goods. The testimony sought was therefore immaterial, and the court properly sustained the objection thereto.

The third specification of error relates to certain remarks of the court and counsel for the defendant in error, made during the trial of the cause. Under this head, counsel in his brief refers to several remarks made by the court and one statement made by counsel for the defendant in error. With the exception of one remark made by the court, no objection appears in the record, and no exception was taken to the language used. The rule is well settled that an objection and exception must be taken and allowed to remarks of court or counsel in the trial of a cause, in order to avail a party in the review of a case.

The remark of the court to which exception was taken was as follows : " You are trying Mr. Smyth as though he was a common, ordinary thief trying to get

away with somebody's property." This remark was entirely uncalled for, and ought not to have been made by the court, but we are convinced from a careful review of the record that it could not have prejudiced the jury in any manner, and that the verdict would have been the same had the remark not been made.

The specifications of error from the fourth to the tenth, inclusive, refer to the giving and the refusing of a number of instructions. We do not consider it necessary to review each and all of these alleged errors separately, nor to present here the instructions given and refused in full. Some of the instructions which were refused were given in substance in the general charge by the court, while others as presented do not state the law applicable under the circumstances and evidence in this case. This case was tried by the plaintiff in error upon the theory that the transfer between Smyth and the Carltons was not in good faith, and that no legal possession of the goods had been given to Smyth prior to the levy of the execution. These questions were all properly presented by the general charge of the court, and the jury was specifically advised as to what constituted a delivery of possession. So far as the *bona fides* of the transfer is concerned, under the evidence in this case, we think the jury made the proper finding, for the record, in our opinion, fails to disclose anything but a straight business transaction. It is true that, at the time the bill of sale was made, the parties thereto were aware that a judgment would shortly be ordered against the Carltons, and that the transfer was made with a view of protecting Mr. Smyth, but under our statute this is no evidence of bad faith, for a person may prefer any creditor, and so long as that creditor is an honest one and the transfer is entered into in good faith it cannot be successfully assailed.

Under the eleventh specification of error, which is the overruling of the motion for a new trial, besides recapitulating the points already discussed, special attention is drawn to the fourth and fifth grounds of said motion, which were to the effect that the amount recovered by the defendants was too large, and that the verdict was not sustained by the evidence and was contrary to law. Counsel for plaintiff in error contends that the record does not show any evidence sustaining the amount which the jury returned as the value of the goods in question. From a careful review of the record we are unable to sustain the position of counsel, and are of the opinion that the jury had before them sufficient evidence to sustain the verdict. Attached to the petition in this case was an itemized statement of the goods which it was claimed had been taken by the sheriff. One of the witnesses was about to testify as to the value of each separate item named in the schedule, when the counsel for the plaintiff in error waived the reading of each separate article, and afterward this same witness testified that "Exhibit A," being the schedule attached to the pleadings, showed, as it stood corrected by him, the fair market value of the goods at Wichita on the day of the levy in question. Statements, admissions and allegations in pleadings are always in evidence for all purposes of the trial of the action, and are used for the purposes of the trial before the court and jury, and the statements contained in schedule "A" of the petition in this case, taken in connection with the evidence of the witness above referred to which directly refers to the figures contained in the schedule, gave to the jury the estimate of the plaintiff as to the value of the goods in question. The whole record in this case shows that this conclusion is correct, and it

was for the jury to determine from the conflicting statements made by the different witnesses upon the question of value what the real value was.

Perceiving no error prejudicial to the rights of the plaintiff in error, the judgment of the court of common pleas of Sedgwick county is affirmed.

All the Judges concurring.