[No. 17662. Department One. April 30, 1923.]

CARL TRUVA, *a minor, by his Guardian ad Litem Oscar Truva, Respondent,* v. GOODYEAR TIRE & RUBBER COMPANY *et al., Appellants.*[1]

EVIDENCE (140)—DOCUMENTARY EVIDENCE—MAPS AND PLATS. In an action for personal injuries a map which shows the position of permanent and stationary objects, and intended for illustrative purposes in the examination of witnesses, is properly admitted in evidence for that purpose although it contains some data as to which testimony may be necessary.

APPEAL (449)—REVIEW—HARMLESS ERROR — EVIDENCE — PREJUDICIAL EFFECT. Error cannot be predicated upon the introduction in evidence of a descriptive plat of the location of an accident, with an unexplained line for illustrative purposes, before examination of the draftsman, where no prejudice resulted.

EVIDENCE (66-1)—DEMONSTRATIVE EVIDENCE—EXPERIMENTS—SIMILAR CONDITIONS. It is within the discretion of the trial court to permit testimony of the result of experiments made under substantially the same conditions as those which obtained at the time of the injury.

SAME (186)—OPINIONS—NONEXPERTS—PHYSICAL CONDITION. In an action for personal injuries, the sister of plaintiff and her husband, familiarly acquainted and having adequate opportunities of observation before and after the accident, may testify as to his changed condition as regards his disposition and physical condition.

SAME (195)—OPINION EVIDENCE—MATTERS OF COMMON KNOWLEDGE. Objection is properly sustained as to whether an accident could have been avoided, where it called for a mere conclusion or opinion upon a subject requiring no special knowledge, skill or training.

TRIAL (101)—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions which are substantially similar to those given.

TRIAL (54)—TAKING CASE FROM JURY—CONFLICTING TESTIMONY. In an action for personal injuries, where a verdict is based upon conflicting evidence as to important questions of fact, a motion for judgment notwithstanding the verdict and a motion for a new trial are properly denied.

[1]Reported in 214 Pac. 818.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 12, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor struck by an automobile. Affirmed.

*Murphy & Kumm,* for appellants.

*Joseph M. Glasgow* and *Reynolds, Ballinger & Hutson,* for respondent.

MITCHELL, J.—In its essential particulars, this is an average personal injury case. The plaintiff, a boy nine and one-half years of age, was run over and injured by an automobile driven by one of the defendants while engaged in business for the other defendant, who was the owner of the automobile. The issues consisted of allegations of negligence and countercharges of contributory negligence. The case was tried to a jury. The defendants have appealed from a judgment on the verdict against them.

At the trial respondent used a map of the scene of the accident which showed the stationary objects on each side of the street, the street railway tracks, sidewalks and street intersections between which the collision occurred. Across the map a line had already been drawn indicating a distance about seventy-five feet from one of the street intersections. The map was admitted in evidence over the objection of appellants that the line on the map was an undue suggestion to respondent's witnesses. The line contained no explanatory matter whatever and was intended to be used, and was used, for illustrative purposes in examining the witnesses; and the fact that it was put there before the engineer who made the plat was examined as a witness, instead of its being put there while he or some other person was being examined as a witness, to

approximately fix a point and illustrate the testimony, was in no way prejudicial to the appellants.

It is claimed the court erred in admitting testimony relative to the results of an experiment in stopping an automobile such as the one involved in the collision, the experiments having been made out of the presence of the court and jury. The record shows that the experiments were made under substantially, in fact almost identically, the same conditions as those existing on the occasion of the accident. Quite enough was shown preliminarily to satisfy the discretion of the trial court in admitting the evidence. *Lasityr v. Olympia,* 61 Wash. 651, 112 Pac. 752; *Amsbary v. Grays Harbor R. & L. Co.,* 78 Wash. 379, 139 Pac. 46, 8 A. L. R. 1; 10 R. C. L., Evidence, p. 1001, § 189.

It is assigned as error that a sister of the respondent and her husband should not have been allowed to testify regarding the changed condition of the boy after the injury as compared to what it was before. It was shown the witnesses were familiarly acquainted with the respondent, having had adequate opportunities of observation both before and after the accident. The testimony objected to related to particulars of his disposition and physical condition, of which a layman of familiar association may well testify. *Peterson v. Seattle Traction Co.,* 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; *Goertz v. Continental Life Insurance & Investment Co.,* 95 Wash. 358, 163 Pac. 938.

It is contended the court erroneously sustained an objection to a question on behalf of the appellants to one of their witnesses, who was present at the time of the accident, as to whether or not the driver of the automobile could have avoided the accident. The circumstances were such, as shown by the testimony, that an answer would have amounted to a mere conclusion

or opinion upon a subject that required no special knowledge, skill or training, and was therefore for the jury and not the witness. *Johnson v. Caughren,* 55 Wash. 125, 104 Pac. 170, 19 Ann. Cas. 1148.

Exceptions were taken to the refusal of the court to give a number of instructions to the jury that were requested by the appellants, and also to a number of instructions that were given. It appears that the court gave, in substance, in its own language, instructions similar to those that were refused, else those requested and refused were not appropriate. The instructions given to which exceptions were taken were fully authorized by the evidence. As a whole, the instructions given were fair to both sides and correctly advised the jury as to the law applicable to all the facts and issues of the case.

It is assigned as error that the verdict is excessive. The trial court disfavored the contention. We have considered the record in this respect and find there is ample proof of injury, partly of a serious, permanent kind, to fully warrant the amount awarded.

The motion for a judgment notwithstanding the verdict and the motion for a new trial on behalf of the appellants were properly denied. There was a pronounced conflict in the testimony on most of the important questions of fact, but we find an abundance of proof to justify the verdict and judgment.

Affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.