(No. 4780.   May 2, 1928.)

JAMES A. KELLY and SARAH KELLY, Respondents, **v.**
  TROY LAUNDRY COMPANY, a Corporation, Appel-
  lant.

[267 Pac. 222.]

J. H. Peterson, T. C. Coffin and E. G. Frawley, for Appellant.

Jones, Pomeroy & Jones, for Respondents.

218

T. BAILEY LEE, J.—This is a suit brought by James A. and Sarah Kelly, husband and wife, to recover damages of defendant, Troy Laundry Company, for the death of their son, Francis Kelly, alleged to have been caused in the city of Pocatello, February 6, 1925, by the negligence of defendant's truck driver, one Bruce. The complaint charged that defendant's agent and employee, while in charge of and operating a delivery automobile belonging to defendant, in the course and pursuit of defendant's business, did negligently, carelessly and in violation of city ordinance drive said automobile over a street intersection at such a high and dangerous rate of speed that he was unable to, and did not keep to the right of the center line of the street into which he turned, but projected said machine northeast across the said center line to within about fourteen feet of the north curb, colliding with and so injuring plaintiffs' son that he thereafter died.

The defendant, after denying the charge of negligence, affirmatively plead that the accident was proximately due to deceased's own negligence; it being alleged that he was traveling at a high rate of speed along the south and wrong side of the street on an unlighted bicycle more than one hour after sundown; that defendant's servant could not see him for any reasonable distance, and that deceased in endeavoring to avoid the collision swerved his bicycle into defendant's machine after it had been brought to a stop. There were introduced in evidence the city ordinances covering speeds, regulation of rights of way and the requirement that bicycles carry lights between one hour after sunset and one hour before sunrise. From the judgment entered upon a verdict in plaintiffs' favor, the defendant has

appealed, assigning total insufficiency of the evidence and numerous errors. We think the evidence sufficient.

Plaintiffs' witness, Tiffany, had volunteered the statement with reference to the employment of the driver, Bruce: "At the time of the criminal case, he wasn't; then he came back for a time." This, thus far, had been the only mention of a criminal case. On cross-examination it was developed by counsel that there had been a criminal trial in which Bruce "was charged with an offense." An objection was sustained to counsel's next question, "What was the result of that trial?" Appellant assigns this ruling as error, insisting that the allusion to a criminal trial tended to discredit Bruce who was later offered as defendant's witness. It will be noticed that the nature of the trial had not been disclosed and the witness' reference to it had been purely voluntary. Counsel's remedy was by objection and motion to strike in the first instance. He had no right to cross-examine. (*People v. French*, 95 Cal. 371, 30 Pac. 567; *Cone v. Smyth*, 3 Kan. App. 607, 45 Pac. 247.)

On cross-examination counsel asked the witness, Balderson, concerning the driver, Bruce:

"What did he say, if anything, in respect to whether or not his car was moving or standing still, or otherwise, at the time the collision occurred?"

An objection having been sustained, the following colloquy ensued:

"Q. . . . . you at first said that the Bruce boy first said that he ran into the Kelly boy, on your cross-examination you said that? A. Yes, sir.

"Q. What did he say later about the matter, if anything? A. Nothing at the hospital.

"Q. Well, where? A. At the scene of the accident.

"Q. What did he say there?"

At this juncture the court sustained an objection on the ground of improper cross-examination; and defendant urges that, a part of the conversation at the place of the accident having been brought out on direct examination, he was en-

titled to the remainder. A study of the record fails to disclose on direct examination any conversation except a restricted one at the place of the accident. There was testimony that conversations with Bruce were had both at the hospital and at the scene of the accident, but the witness related neither the words nor the substance thereof save in one instance. As to conversation at the hospital, the witness stated:

"We interviewed Mr. Bruce and the Kelly chap relative to the accident."

The only mention of conversation at the place of the accident consisted of the following:

"Q. Did Mr. Bruce direct your attention to any tire marks? A. Yes, sir.

"Q. What did he say they were? A. He said they were his marks."

It is evident that whatever conversation was brought out on direct examination related solely to the tire marks and that counsel's question on cross-examination was directed not to them but to the matter of the car's being at rest or in motion at the time of the collision. There was no error in the court's ruling.

In instruction No. 7 the court, after stating the rule of reasonable care, concluded with the following:

"If, tried by this rule, you find the defendant was not guilty of negligence which produced the injury complained of, then your verdict should be for the defendant, on the other hand, if, tried by this rule, you find the employee of the defendant was negligent, and that such negligence produced the injury complained of, you should find for the plaintiffs, unless you find that the deceased, Francis E. Kelly, was guilty of contributory negligence as herein defined."

Defendant complains that this instruction was fatally erroneous, since it omitted the essential element that the employee, at the time of the collision, must have been in the discharge of defendant's business. Had this been the only given instruction governing defendant's liability, the con-

tention would be sustained. But later the court at length and in emphatically arresting terms devoted the whole of instruction No. 14 to the indispensability of this particular element. Moreover, in his written charge he admonished the jury that all the instructions should be considered together, and that the jury should not ''detach or separate any one instruction from either or any of the others.'' This court has repeatedly held that a judgment will not be reversed for the reason that an instruction does not state all the law applicable to the facts of the case when it appears that other instructions given, in themselves or in connection with others given, do correctly state the law. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Quirk v. Sunderlin,* 23 Ida. 368, 130 Pac. 374; *Knauf v. Dover L. Co.,* 20 Ida. 773, 120 Pac. 157; *Portneuf-Marsh etc. Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19.) The same rule obtains in California. (*Stein v. United R. etc. Co.,* 159 Cal. 368, 113 Pac. 663.)

Over defendant's objection, the witness, McCrory, was permitted to state how many feet would be required to stop a car similar to the one driven by Bruce, going thirty miles an hour on dry, asphalt pavement. The testimony was based upon tests made by the witness with a ''Thomas style'' car loaded with three men and some packages. He testified that such car had the same sort of brakes, chassis and body as defendant's car, and was tried out on a dry, asphalt straightaway before sundown on October 8th. Defendant objects that the conditions under which the tests were made were not similar to those surrounding the collision in that it was not shown that the weights of the cars and their loads were the same, the brakes in like condition, the tests made on a course to the right in the same street and near the same time of year and day after dark. In addition to the similarities already in evidence, it had been shown that at the time of the collision defendant's car was carrying three young men, one nineteen and the others twenty years of age, and that the asphalt street was dry. In most respects the conditions

were substantially similar. It was not necessary that they should in all respects have been identical; and the objection to such comparative evidence is not addressed to its admissibility but to its weight. (*People v. Phelan*, 123 Cal. 551, 56 Pac. 424; note, 8 A. L. R. 1; 10 R. C. L. 1001, par. 189.) The similarity of the circumstances and conditions must be left to the sound discretion of the trial court, and determined by him, subject to review only for abuse. (*Amsbary v. Grays Harbor etc. Co.*, 78 Wash. 379, 8 A. L. R. 1, 139 Pac. 46; *Truva v. Goodyear etc. Co.*, 124 Wash. 445, 214 Pac. 818.) We think there was no abuse of discretion.

██ The only remaining error that merits discussion is the court's refusal to give defendant's requested instruction No. 3. This instruction, after setting out the city ordinance claimed to have been violated by plaintiffs' decedent, concluded as follows:

"If you find from the evidence that at the time of the accident, the decedent, Francis E. Kelly, was violating this ordinance, then you are instructed that the plaintiffs cannot recover, and you should find for the defendant, unless the plaintiffs have proved by a preponderance of the evidence that the failure of the decedent, Francis E. Kelly, to have attached to the front of his bicycle one lighted lamp plainly visible for a reasonable distance was not a contributing cause to the accident."

It will be seen that the requested instruction clearly placed upon plaintiffs the burden of proving the negative of contributory negligence, a burden from which they were expressly relieved by C. S., sec. 6721. Contributory negligence is a matter of affirmative defense to be specially plead and proven. As was said by the court in *Mosso v. Stanton*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943, cited by this court in *Hooker v. Schuler*, 45 Ida. 83, 260 Pac. 1027.:

"The answer, however, denied any negligence of the appellant and alleged affirmatively that the respondent's injury was due to his own negligence. This was equivalent

to an allegation that contributory negligence of the respondent was the proximate cause of the injury."

The burden of establishing contributory negligence as the proximate cause always rests upon the defendant; this burden may · be discharged but never shifted. We are aware that the language of some authorities would seem to shift to plaintiff, after defendant has shown plaintiff's violation of statute or ordinance constituting negligence *per se*, the burden of proving that such negligence was not the proximate cause of the injury. But we cannot follow such a rule. Our objection rests upon two propositions besides the statute just cited:

(a) That when a defendant succeeds in showing negligence *per se* on the part of the plaintiff, he has established bald negligence only, and fallen short of proving such negligence the proximate cause.

(b) That to require plaintiff to prove that such bald negligence was not the proximate cause is tantamount to clothing such negligence with unwarranted presumptions or indulging in an assumption that defendant has proven his case with the proximate cause still dangling in thin air.

After a defendant has introduced evidence that plaintiff's negligence was the proximate cause, the burden is upon plaintiff to rebut it, but not until then, not until the approach of the pointing finger, is he constrained to break his silence. Any other holding would be to say that, after resting his case, as soon as a plaintiff's negligence is shown, irrespective of its being the proximate cause, he is *ipso facto* foreclosed, unless he hastens to prove that his carelessness did not do just what it was the bounden duty of the defendant to prove it did do. We can conclude with no better statement than that of the California court in *George v. McManus*, 27 Cal. App. 414, 150 Pac. 73:

"While the failure of a person to perform a duty imposed upon him by statute is sufficient evidence of negli-· gence on his part, nevertheless such neglect, however illegal, in the absence of evidence showing it to have been the con-

tributing cause of the injury, furnishes no legal ground for complaint.''

Judgment affirmed. Costs to respondents.

Budge, Givens and Taylor, JJ., concur.