Eugene C. Beck *v.* Ralph Y. Sosnowitz et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued May 4—decided June 8, 1939.

*John Keogh, Jr.,* with whom was *Nehemiah Candee,* for the appellant (plaintiff).

*Samuel G. Payne,* for the appellees (defendants).

BROWN, J. This action arises out of a collision between an automobile driven by the plaintiff and a truck operated by the defendant Pironto as the agent and employee of the named defendants. The collision occurred at the junction of Silvermine Road and Comstock Hill Road in Norwalk. As the vehicles approached the intersection the defendants' truck was upon the right of the plaintiff. The defendants claimed that the truck had the right of way under the statute, which provides that where two cars approach an intersection at approximately the same time, the car approaching from the right shall have the right of way. General Statutes, Cum. Sup. 1935, § 636c. The plaintiff, on the other hand, claimed that he had passed a good part of the way through the intersection when the truck entered it and therefore had the right of way under the rule set forth in *Jackson* v. *Brown,* 106 Conn. 143, 137 Atl. 725, and in the other cases cited in *Mathis* v. *Bzdula,* 122 Conn. 202, 204, 188 Atl. 264. The material facts in the latter case were practically identical with those in this case, except that there the area in the center of the space where the two roads join, as shown by the diagram at the page cited, was circular while the corresponding area here was triangular. Here, as in that case, it

became material to determine what constituted the intersection of the highways within the statutory provision.

Silvermine Road extends from southeast to northwest until it reaches the intersection, where, curving to the right, it continues on due north beyond. Comstock Hill Road extends due west from the intersection. In approximately the center of the juncture of the highways extending in these three directions is a triangular area covered with grass and shrubbery and not open to traffic. Traffic passing in both directions through the juncture either along Silvermine Road, or along this road in extension of Comstock Hill Road, passes between this triangle and the highway bound opposite. Therefore, the triangle in effect creates three separate highways. *Mathis* v. *Bzdula,* supra. The plaintiff had come in a northwesterly direction along Silvermine Road and was proceeding to the southwest of the triangle to go westerly on the Comstock Hill Road. The defendants' truck had come south on Silvermine Road and was proceeding through the intersection to continue southeasterly on this road. The intersection in question, therefore, is that made by Comstock Hill Road passing to the southwest and Silvermine Road passing to the northeast of this triangle, the two highways intersecting southeasterly of that area.

By his assignments of error the plaintiff first attacks the court's finding, complaining that the terminology descriptive of the layout of Silvermine Road contained in his draft-finding and its reference to "the three intersections," are not incorporated in the finding, and that the latter misdescribes the triangular plot. None of the changes sought are of material consequence on this appeal, and the finding "will not be corrected merely to secure a meticulous accuracy as to details

in the claims of proof." *Daly Brothers, Inc.* v. *Spallone,* 114 Conn. 236, 243, 158 Atl. 237. The failure of the court to charge that by reason of the triangle, there were three highways and three separate intersections, is assigned as error. While the court did not explicitly so charge, it did define and direct the jury's consideration to the southeasterly intersection solely, formed by the two highways comprising it, which was the only one of significance under the issues of the case. This restriction of its discussion affords ground for commendation rather than criticism. Another error assigned in the charge is the court's reference, in explaining and defining what constituted the intersection, to that part of Silvermine Road to the north thereof as a "separate highway" from that part to the southeast of it. When read in connection with the rest of the charge, it is clear that the court, for the purpose of clarity, referred to the southeast part of Silvermine Road in continuation of the Comstock Hill Road passing on the southeast side of the triangle as one highway, and the north part of Silvermine Road passing on the northeast side of the triangle as a separate highway intersecting but not crossing the other. The words used made clear which the intersecting roads were. After so designating the two, the court went on to explain what constituted the intersection. It amplified its words spoken by pointing to the map in evidence. The court did not err in using the expression complained of.

Error is assigned in the court's reference to "the edges of the paved portion of the road" in discussing the limits of the intersection. In determining the space included within an intersection, "regard must be had to the courses which traffic passing in the various directions through it may normally be expected to take." *Mathis* v. *Bzdula,* supra, 206. After stating

this rule and referring to the lack of evidence as to shoulders of these roads, the court continued, "under such circumstances, since the edges of the paved or wrought portion of the highways may be said to be that ordinarily to be expected to show the normal course of traffic, the edges of the paved portion of the road will be considered by you as the limits of the intersection, wherever such limits are coincident with the boundaries of the highway rather than any other part of such highway, such as, for example, the shoulders or grass portion, if any." This language was not only a correct reference to what constitutes the portion of highways "intended for normal travel" (*Kurtz* v. *Morse Oil Co.*, 114 Conn. 336, 341, 158 Atl. 906), but by the qualification excluding any part of the highways at this particular intersection where shoulder or grass abutted, accurately and correctly defined the limits of its area where the edge of the wrought road and of the highway were coincident. As tested by the finding, there is nothing to indicate that either the court's reference to the "edges of the paved portion of the road" above quoted, or its subsequent reiteration thereof were prejudicial to the plaintiff.

The only limits of the intersection material to the issues before the jury were its southeasterly boundary which the plaintiff was approaching prior to the collision, and its northerly boundary which the defendants' truck was approaching. In so far as appears from the finding both of the intersecting highways were paved to their full width with the single exception of a dirt space between the north edge of the wrought part of the Comstock Hill Road and the south edge of the triangle. The plaintiff claimed to have proved that this area extended to a point ten feet southeasterly of the southeasterly apex of the triangle. He assigns as error that the court, in defining the northerly line of

the intersection, stated that the westerly end of this line was at the point of intersection of the northerly edge of the paved portion of Comstock Hill Road with the westerly edge of the paved portion of Silvermine Road, rather than at the triangle's apex ten feet further north. Assuming the charge was erroneous in this particular, its only effect was to fix the north boundary as defined further to the south, thus reducing the distance the plaintiff would need to have traveled to get through the intersection and correspondingly increasing that which the defendants' truck must have gone to reach it. This instruction could not have prejudiced the plaintiff. The court's definition of the southeast line of the intersection as a straight line substantially at right angles to the bounds of the highway at a point where to the reasonable perception of a driver it starts to widen as the result of the outcurving of its bounds to form the junction, upon the finding was adequate and correct. *Mathis* v. *Bzdula,* supra, 206. The court did not err in instructing the jury as to what constituted the intersection.

The only remaining assignment of error meriting mention is the court's instruction that the last clear chance doctrine was not applicable. The plaintiff claimed to have proved that having proceeded northwesterly on his right side of Silvermine Road to a point well within the intersection, he turned left and proceeded at five miles an hour to enter the Comstock Hill Road, whereupon he saw the defendants' truck approaching from the north one hundred and ten feet away at forty miles per hour, brought his car to a stop, and "immediately . . . the defendants' truck collided" with it. He made no claim to have proved the minimum distance within which the truck could have been stopped under the circumstances. Both for the

lack of this essential evidence, and by reason of the parties' claims of proof that both vehicles continued in motion on their stated courses until the collision, there was no basis for the application of the doctrine. *DiMaio* v. *Panico*, 115 Conn. 295, 297, 161 Atl. 238. The court did not err in so instructing the jury.

There is no error.

In this opinion the other judges concurred.