No. 17,523.

RICHARD L. BROWN *v.* WILLIAM MOYLE, SR., ET AL.

(290 P. [2d] 1105)

Decided December 12, 1955.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for plaintiff in error.

Mr. ALDO G. NOTARIANNI, Mr. JAMES B. RADETSKY, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANTS in error, as plaintiffs, on April 14, 1953, filed a complaint against Brown, now plaintiff in error,

for damages, alleging therein that defendant Brown was operating an automobile at about 10:15 o'clock p.m. on North Federal Boulevard in Adams county, and was traveling in a northerly direction at about the 5800 block on said highway, and was driving the automobile "* * * recklessly, carelessly, negligently and wantonly, and without due regard for the rights and safety of the public in general and of William Moyle, Jr., in particular, and drove said Chevrolet automobile with great force and violence into and against the aforesaid bicycle and body of William Moyle, Jr.," causing serious personal injuries and as a direct and proximate result thereof Moyle died on January 3, 1953.

Defendant answered denying each and every allegation of the complaint and the case was submitted to a jury on the question of damages alone, which jury on March 5, 1954, returned its verdict in favor of plaintiff in the sum of $8,500, with added interest, on which judgment in the sum of $9,128.60 was duly entered. Motion for judgment notwithstanding the verdict and for new trial was overruled and defendant prosecutes a writ of error on the ground that his motion for directed verdict and for judgment notwithstanding the verdict and the motion for new trial should have been granted; that it was error for the trial court to direct a verdict on the question of liability; and the erroneous admission of certain evidence. The facts in brief are: That on the night of January 3, 1953, at 10:15 o'clock William Moyle, Jr., with his brother, being children of plaintiffs, were riding a bicycle on North Federal Boulevard in Adams county; they were struck by an automobile; and William Moyle, Jr., was so injured that he died that night. It is alleged that the automobile, a Chevrolet, was driven by Brown. Brown denies that he was in that vicinity that evening, but at approximately that hour he was across town on Colorado Boulevard at the My-O-My Club, as stated by him to investigating officers. The Chevrolet which Brown was driving was rented from the Hertz System and was

returned by Brown about 1:30 o'clock the next afternoon. There was damage to the front right fender, the windshield was cracked, and the back window was damaged. Brown told the officers he was driving on Colorado Boulevard when an automobile immediately in front of him stopped suddenly; that he tried to dodge the automobile, and he ran off the road and hit a tree, causing the damage to the Chevrolet. He stated to the officers that it looked pretty bad for him, but that he was drunk and he could not tell something he could not remember, and when the bicycle was held up in front of the car to where witnesses believed it had struck, Brown stated it looked like it must have been him, but he didn't remember. Much stress is placed upon the testimony of Richard Moyle, the surviving brother, who testified that the lighting conditions were good at the place of the accident, that he thought he remembered telling an officer that the car had a light color with an insignia, a red circle, on the back, and he thought it was a Mercury; but denied having told the officers that it had a dual exhaust pipe; however, the officers claim that he so told officer Fleming, and that it was a gray car. The witness from the rental agency said the Chevrolet rented by Brown was a distinct blue. The investigating officers located the damaged automobile at the rental agency and what has been related is the general effect of the testimony given by a number of officers detailed to the case. Plaintiff's evidence is purely circumstantial; however, one witness for plaintiff testified that he was traveling north on Federal Boulevard at about the hour involved and a car overtook him, going at a good rate of speed, and in passing almost hit witnesses car, and the witness testified that it was a Chevrolet. He watched the car proceed down a hill and noticed the car swerve to the left and back onto the highway; that when the witness got to the bottom of the hill, he noticed a boy lying on the ground and a bicycle there, and another boy was running back

up the hill. The witness passed the scene of the accident without stopping and reported it the next day.

■ Brown did not testify. The conflict in the testimony is presented by Brown's answer and denial and his statements to several officers who testified at the trial to such statements. We believe that under the circumstances there was sufficient conflict for the question to have been submitted to a jury and it was error for the court to direct a finding on liability and leave only the question of damages for the jury's determination.

The record is lengthy and a number of officers testified and we have not set out much of the testimony but refer to the substance as above stated.

■ At the trial copies of an information charging Brown with manslaughter in the killing of Moyle, and a copy of the verdict finding defendant guilty of manslaughter were admitted over the objection of defendant. This was error. 31 A.L.R. 261. The courts are almost unanimous in ruling that such evidence, being evidence of the conviction of a traffic charge of manslaughter based on the operation of an automobile in a civil case is inadmissible. It is to be noted that defendant did not plead guilty in the criminal action.

We believe sufficient has been said to support a reversal of the judgment herein without a discussion of other errors that may have some merit. Accordingly, the judgment is reversed and the cause remanded with directions to set aside the verdict and judgment thereon and grant a new trial on the issue of liability as well as of damages.