414 P.2d 228

**Aaron Leo GRAY, Jr., Plaintiff-Appellee,**

**v.**

**Elbert GRAYSON, Defendant-Appellant.**

**No. 7826.**

Supreme Court of New Mexico.

May 9, 1966.

Shipley, Seller & Whorton, Alamogordo, for appellant.

Albert Rivera, Alamogordo, for appellee.

NOBLE, Justice.

Elbert Grayson has appealed from an adverse judgment awarding damages to Aaron Leo Gray, Jr. on account of injuries resulting from an automobile accident.

Grayson, the defendant below, was charged, tried and convicted in the municipal court of careless driving in connection with the same circumstances out of which this tort action arose. He appealed to the district court where he was again convicted after a plea of not guilty and a trial de novo. Proof of those convictions was admitted in evidence in the trial of this action and is now urged as error.

■ We are committed to the rule that, absent a plea of guilty, proof of conviction of criminal charges is inadmissible in the trial of a subsequent civil action for tort arising out of the same act. See Vargas v. Clauser, 62 N.M. 405, 311 P.2d 381. The reason for its exclusion in the civil action was said in Blackman v. Coffin, 300 Mass. 432, 15 N.E.2d 469, to be based upon the fact that the answer admitting conviction of the criminal offense did not constitute an admission or confession of the act upon which the criminal charge was based, and the proof of such conviction accordingly has no probative force to show negligence. See, also, Reynolds v. Donoho, 39 Wash.2d 451, 236 P.2d 552; Brown v. Moyle, 133 Colo. 29, 290 P.2d 1105; Friesen v. Schmelzel, 78 Wyo. 1, 318 P.2d 368; Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015; Rednall v. Thompson, 108 Cal.App.2d 662, 239 P.2d 693; Burbank v. McIntyre, 135 Cal.App. 482, 27 P.2d 400; McCottrell v. Benson, 32 Ill.App.2d 367, 178 N.E.2d 144. See, also, Anno. 18 A.L.R.2d 1287 where it is said (p. 1300) that most of the cases permitting admission in civil cases of a previous criminal conviction, as evidence of the facts upon which it was based, have involved the situation where the convicted criminal seeks to take advantage of rights arising from the crime for which he has been convicted. That is not present in the instant case.

■■ We have made it clear, however, that the trial court will be presumed to have disregarded incompetent evidence, in a case tried without a jury, absent a showing that the court was influenced thereby. Utter v. Marsh Sales Co., 71 N.M. 335, 378 P.2d 374; L. & B. Equipment Co. v. McDonald, 58 N.M. 709, 275 P.2d 639. However, findings 3 and 6 make it apparent the criminal verdicts did influence

the court in this case. Those findings are:

"3. The City of Alamogordo has an ordinance prohibiting careless driving."

"6. Defendant was charged with careless driving and paid a fine therefor."

The admission of the criminal convictions, after pleas of not guilty, and their apparent influence on the court in arriving at the finding of negligence requires a reversal.

Because the case must be reversed with instructions to redetermine the issues, we shall refrain from comment on the evidence except to say that we are not impressed by the argument that the facts require a judgment in appellant's favor as a matter of law. Admittedly, the evidence is conflicting, and under such circumstances the trial court, sitting without a jury, is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. Conflicts in the evidence must be resolved by the trier of the facts. Luna v. Flores, 64 N.M. 312, 328 P.2d 82.

The case will be reversed with instructions to vacate the judgment and set aside the findings of fact and conclusions of law; to disregard the evidence of appellant's conviction of careless driving; to make new findings and conclusions; and proceed further in a manner not inconsistent with this opinion. It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.