640 P.2d 935

Linda BLOOM, as Personal Representative of the Estate of Louise Dils, Deceased, Plaintiff-Appellant,

v.

Leann LEWIS and Earl Lewis, Defendants-Appellees.

James R. HODGES, as Personal Representative of the Estate of Marsha Hodges, Deceased, Plaintiff-Appellant,

v.

Earl LEWIS and Leann Lewis, Defendants-Cross-Claimants-Appellees,

and

Walter Dils, Barbara Dils and Linda Bloom, as Personal Representative of the Estate of Louise Dils, Deceased, Defendants-Cross-Defendants-Appellants.

No. 3952.

Court of Appeals of New Mexico.

Nov. 3, 1980.

Klecan & Roach, P. A., Albuquerque, for
Walter Dils, Barbara Dils, Linda Bloom, as

Personal Representative of the Estate of Louise Dils, Deceased.

Juan G. Burciaga, Albuquerque, Lowell McKim, Gallup, for Earl Lewis and Leann Lewis.

Marchiondo & Berry, P. A., Charles G. Berry, Albuquerque, for James R. Hodges, as Personal Representative of the Estate of Marsha Hodges, Deceased.

## OPINION

ANDREWS, Judge.

Marsha Hodges, Debbie Dils and Laurie Bordelon were passengers in a car driven by Louise Dils. Proceeding in the opposite direction was a truck driven by Leann Lewis in which Cindy Lewis was the sole passenger. Louise Dils, Debbie Dils, and Marsha Hodges were killed in a collision with the Lewis vehicle.

The parties to this appeal are Walter and Louise Dils, and Linda Bloom, the personal representative of the estate of Louise Dils (Dils); Leann and Earl Lewis (Lewis); and, James R. Hodges, the personal representative of the estate of Marsha Hodges (Hodges). The Dils action and the Hodges action, and the Lewis cross-claims and third-party complaint, were consolidated for trial. Hodges recovered a money verdict against Dils; he appeals a verdict entered in favor of Lewises on his claim against them. The Dils plaintiffs appeal the verdict in favor of the Lewises on their complaint.

Dils' version of the accident was that the Lewis vehicle was in Dils' lane passing another vehicle as it rounded a hill, and that Lewis was unable to avoid Dils as she suddenly appeared over the hill. Lewis contended that Dils swerved into Lewis' lane, a gesture which was to be understood as a "hello" from Dils. Lewis, inexperienced in this custom, swerved into Dils' lane seeking to avoid Dils, but collided with the Dils car as it returned to its own lane. It is undisputed that the point of impact was in Dils' lane.

Several issues are raised on this appeal.

I. Where an attorney destroys a tape recording of an interview with a witness is there a presumption that the recorded material was unfavorable to his client?

II. Should a jury instruction stating that there is a presumption of due care on the part of a decedent be given in a wrongful death case?

III. Should the testimony of the investigating police officer have been excluded as speculative?

IV. Was it error to consolidate the two cases?

V. Was it error for the court to allow the fact of Dils' liability insurance to be brought before the jury on the issue of the applicability of the family purpose doctrine?

VI. Should an instruction have been given to the effect that a party whose vehicle is on the wrong side of the road has the burden of explaining its presence there?

VII. Should the court have directed a verdict on the issue of Hodge's contributory negligence?

### I. Destruction of the Tape Recording

Shortly after the accident, the attorney for Lewis conducted a tape recorded interview with Laurie Bordelon, the only person riding in the Dils car who survived the accident. In a later deposition taken by attorneys for Dils, Bordelon did not recall anything about the accident which had a bearing on the issue of liability. Dils sought to obtain the tape of the earlier interview by discovery, but the attorney for Lewis had destroyed the tape, purportedly because there was nothing of significance on it, and he wanted to reuse the tape.

Dils argues that the actions amount to a destruction of evidence; and thus, that there is a presumption that the tape contained material unfavorable to Lewis. If such a presumption arose, or even if it was an arguable inference, the trial court committed several errors, but we conclude that it did not.

The tape of the interview was not evidence which was in any way available to Dils because it was undiscoverable work

product, and thus the destruction of the tape could not have been destruction of evidence. Statements taken by an attorney from a witness are work product, and may not be discovered unless good cause exists. *Carter v. Burn Const. Co.*, 85 N.M. 27, 508 P.2d 1324 (Ct.App.), *cert. denied,* 85 N.M. 5, 508 P.2d 1302 (1973).

> To establish good cause a party must show that the material sought is not available upon the exercise of diligent effort and that it is necessary for the preparation of his case, or that the denial of the production of the material sought will unfairly prejudice his case or cause him undue hardship or injustice.

*Id.* at 31, 508 P.2d 1324.

■ Dils made no such showing. There is nothing in the record to indicate that Laurie Bordelon was unwilling to talk to Lewis' attorney. Dils knew the witness' whereabouts at all times and yet failed to depose her until shortly before the trial. It is not clear that there was any information on the destroyed tape which would have been useful in the preparation of Dils' case, but even if there were, we cannot conclude that good cause existed for the discovery of the lawyer's work product. The trial court acted correctly in finding that the tape was protected, and thus did not err in refusing to allow Dils to inject the issue into the trial.

## II. *Jury Instruction Concerning Presumption of Due Care*

■ It was not an error for the trial court to refuse to instruct the jury that there is a presumption of due care on the part of a decedent in a wrongful death action. Such an instruction is expressly forbidden by U.J.I.Civ. 12.16, N.M.S.A.1978, and this Court has no authority to strike down Uniform Jury Instructions promulgated by our Supreme Court. *See Ammerman v. Hubbard Broadcasting Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976).

## III. *Speculative Testimony of the Police Officer*

■ The trial court did not err in admitting a conjectural statement as to the cause of the accident made by the investigating police officer. The police officer's speculation was offered in response to a question which did not call for any such answer, and thus the burden was on counsel for Dils to move that the answer be struck. Dils did not so move, and thus failed to preserve any error which might have resulted from the speculative testimony.

Rule 103, New Mexico Rules of Evidence, in regard to the effect of failure to timely object, states:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) Objection. In case the ruling is one admitting evidence a timely objection or motion to strike appears of record, stating the specific ground of objection....

Thus, by analogy, it is clear that "failure to object to the admission of evidence constitutes a waiver of objection, and in such case, the objection cannot be raised for the first time on appeal." *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968). Failure to move to strike, therefore, is dispositive.

## IV. *Consolidation of the Two Cases*

■ The trial court did not err in consolidating the two cases. Consolidation of cases is within the discretion of the trial court. Rule 42(a), N.M.R.Civ.P., N.M.S.A. 1978; *Vargas v. Clauser*, 62 N.M. 405, 311 P.2d 381 (1957). There is no merit to Dils' argument that she was prejudiced by the consolidation of the two cases in that she was cast in the role of plaintiff in one and defendant in the other; the proof required to prosecute the action against Lewis and that to defend against Hodges was identical, and the trial court properly acted to expedite the determination of both actions at the same time.

## V. *Evidence of Liability Insurance*

■ The court did not err in allowing evidence that Dils was covered by liability insurance. Dils' father was named as a defendant by Hodges on a family purpose

theory, and the fact the elder Dils held an insurance policy on the vehicle driven by his daughter was admissible for the purpose of establishing the elder Dils' responsibility for his daughter's negligence on this theory. Dils may not both contest the issue of liability under the family purpose doctrine and require that evidence relevant to the application of the doctrine be excluded. Rule 411, N.M.R.Evid., N.M.S.A.1978. Cf. *Grammer v. Kolhaas Tank & Equip. Co.*, 93 N.M. 685, 604 P.2d 823 (Ct.App.1979).

VI. *Instruction as to the Effect of Being on the Wrong Side of the Road*

■ It is clear that when an accident occurs, the party whose vehicle is found to be on the wrong side of the road has the burden to explain its presence there. *Frei v. Brownlee*, 56 N.M. 677, 248 P.2d 671 (1952); *Paddock v. Schuelke*, 81 N.M. 759, 473 P.2d 373 (Ct.App.1970).

> When it was shown that the [defendant's] car was on the wrong side of the road at the instant of the collision, the burden was on the defendant to explain [defendant's] presence there.

*Id.* at 765.

Hodges requested that the trial court instruct the jury that:

> It is the duty of a driver who travels on the wrong side of the road to explain the presence of his vehicle on such side without his negligence.
>
> Therefore, if you find that either of the defendants [Lewis or Dils] drove their vehicle upon the wrong side of the roadway, then such defendant shall have the burden to explain their presence there and should they fail to meet this burden, you are instructed that they are guilty of negligence as a matter of law.

■ Defendants argue that other instructions on the duty of both drivers to stay on their respective sides of the road amply covered the issue. To instruct on the duties of the parties is not equivalent to an instruction on either the defendants' burden of proof or the defendants' burden of going forward with the evidence.

U.J.I.Civil 3.1, which deals with "issues, complaint, answer, burden of proof," re-quires the court to instruct that plaintiff "has the burden" of proving damage proximately caused by one or more of the claimed acts of negligence (breaches of duty), committed by the defendant(s). It also requires that defendants' affirmative defenses be set out and that the jury be instructed on defendants' "burden of proving" their affirmative defenses. But nowhere in the tailored U.J.I.Civil 3.1 given by the trial court here was the jury instructed that if any of the defendants were found to be on the wrong side of the road, they had to assert the affirmative defense of legal excuse from the duty of staying on their own side; nor was the jury told that the defendants had the burden of satisfactorily explaining their presence on the wrong side if plaintiff's proof on that claim was to be accepted by the jury.

The Use Note to U.J.I.Civ. 3.1 states, in part: "[T]his is the most important single instruction in the lawsuit . . . [and] . . . is the post to which all of the remaining instructions are tied. . . ." If that instruction itself did not clearly set forth the burden imposed on a defendant by *Frei v. Brownlee, supra; Paddock v. Schuelke, supra*; and *Pavlos v. Albuquerque Nat'l. Bank*, 82 N.M. 759, 487 P.2d 187 (1971), in cases of this kind—and it did not—it was error for the court to refuse a separate instruction dealing with that defense burden.

Plaintiff Hodges also recovered against defendant Dils under the incorrect instructions as to what constituted negligence. As it is unlikely that the jury would find such liability if, under the correct burden, Dils is not found contributorily negligent, this issue must also be remanded. In essence, if the jury believes that it was the Lewis' negligence rather than that of Dils' which caused the accident, it stands to follow that the jury may also believe that it was the Lewis' negligence rather than Dils which caused the injury to Hodges.

VII. *Should the Court have Directed a Verdict on the Issue of Hodges' Contributory Negligence?*

■ Hodges' cross-appeal alleges error in the trial court's refusal to direct a verdict

in his favor on the issue of contributory negligence, as well as in the giving of instructions on contributory negligence which the jury could have applied against Hodges.

The court should have directed a verdict in favor of Hodges on the issue of Marsha's contributory negligence. *Cf. Bolen v. Rio Rancho Estates, Inc.,* 81 N.M. 307, 466 P.2d 873 (Ct.App.1970). We find no evidence to support a finding on Hodges' negligence, beyond Lewis' testimony that Hodges had once before "swerved" while driving but had not changed lanes. This testimony cannot support an inference that Hodges assumed the risk of riding with a negligent driver, or that she had a duty to shout a warning, or that plaintiff Hodges' conduct in any other way contributed to this accident.

Thus, the verdict for Hodges against Dils and the one denying relief to Dils in the action against Lewis are remanded for a new trial. In that proceeding, the trial court should give the correct instruction as to Lewis' burden, and should then direct the verdict as to Hodges' contributory negligence before the issues of Lewis' negligence toward Dils or Dils' negligence toward Hodges are determined.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

WALTERS, J., concurs in part, dissents in part.

WALTERS, Judge (concurring in part, dissenting in part.).

I concur in all parts of the majority opinion except the last paragraph of Section VI and the reversal of the Hodges verdict against Dils.

The majority assumes in the paragraph which I object to that the jury found Dils contributorily negligent under incomplete instructions. I do not believe a reviewing court should make assumptions about a jury's findings, especially when there are several acts of negligence alleged and toward which evidence has been presented. Even if the majority is correct in its evaluation of the jury's verdicts, the logical exten-

sion of that assumption is that Lewis was negligent; Dils was contributorily negligent; Hodges was not contributorily negligent, and, therefore, Hodges (the Dils passenger) should have recovered against *both* negligent defendants.

Secondly, an assumption of an erroneous finding of Dils's contributory negligence bears only on Dils's (Bloom's) and Hodges's claims against Lewis, and should have no effect whatever upon the claims of negligence made by Hodges against Dils. That verdict in favor of Hodges must be viewed in the light most favorable to the prevailing party. *Romero v. Melbourne,* 90 N.M. 169, 561 P.2d 31 (Ct.App.1977). In so viewing that verdict, it is necessary to bear in mind that Hodges claimed several acts of negligence against both Lewis and Dils, which included:

1. That the Defendants failed to exercise the duty of every operator of a vehicle using the public highways to exercise ordinary care at all times to avoid an accident.

2. The Defendants failed to keep the proper lookout.

3. The Defendants failed to maintain proper control of their vehicles.

4. That the Defendants failed to operate their vehicles upon the right half of the roadway and entirely to the right of the center thereof.

5. That the Defendants, while driving their vehicles, proceeded in opposite directions and attempted to pass each other to the left or upon the wrong side of the roadway.

6. That the Defendants drove their vehicles to the left side of the roadway when approaching the crest of a grade where the driver's view is obstructed.

7. That the Defendants operated their vehicles carelessly and heedlessly in willful, wanton disregard of the rights of others and without due caution and circumspection.

Against these claims, the Dils defendants asserted Hodges's contributory negligence and the jury was instructed that if the

Dilses proved their affirmative defense, Hodges could not recover. Despite this instruction allowing an erroneous defense to Dils and against Hodges (see Paragraph VII, *supra*), a verdict was returned for Hodges and against Dils. Stated another way, Dils lost the verdict to Hodges under a lighter burden on Dils than will be imposed on Dils if the Hodges-Dils case is retried, because Dils will not be able to assert Hodges's contributory negligence, and Dils, too, will have the burden of explaining her presence on the wrong side of the road if the jury finds that was her position shortly before the crash.

Insofar as the Hodges-Dils suit is concerned, and under the instructions given to the jury, the jury could have found that one or more of the negligent acts pleaded against Dils caused injury to Hodges, and that Hodges's conduct had not contributed to that injury; or that Dils was wilfully and wantonly negligent and Hodges's recovery was not barred by contributory negligence.

Finally, on appeal Dils objected to the Hodges verdict only on the grounds that (1) the trial was tainted because of the destroyed tape recording of Bordelon's statement, (2) negligence of Lewis was evident from the physical fact that Lewis was on the wrong side of the road at the moment of impact, and (3) Dils was denied the presumption of a decedent's due care. Items (1) and (3) are answered in the majority opinion (with which I concur) adversely to Dils. Item (2) is covered by Paragraph VI, *supra*, and under the evidence of this case, applies to both the Dils and Lewis drivers. It has no application whatever to the other acts of Dils's negligence alleged by Hodges. The jury was aware that Hodges's driver, Dils, was on her own side of the road when the accident occurred; nevertheless, it held Dils liable in negligence to her passenger. This clearly indicates to me that whether either driver could or will satisfactorily explain away evidence of being on the wrong side of the road immediately before and at the time of the accident, it was not wrong-side-of-the-road negligence that resulted in Hodges's verdict against Dils.

Dils requested and obtained an instruction on contributory negligence and the negligence of a passenger, which were objected to by Hodges. Dils also failed to request a proper instruction on the issue discussed in Paragraph VI, *supra*. She cannot now complain of the effect of improper or incomplete instructions when she contributed to the errors. *See Platero v. Jones*, 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971).

This court should hold that, having lost a verdict under more favorable instructions than will govern the retrial of the Hodges-Lewis and Dils-Lewis retrials, Dils (Bloom) should not be permitted to chance that somehow a second jury will reach a different decision on her liability to Hodges. One jury has already decided Hodges's entitlement to recovery against Dils under instructions most prejudicial to Hodges. Hodges should not be deprived of that verdict.

Upon retrial, this is a case that begs for special interrogatories to be submitted to the jury.