This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41258**

**CATHRYN L. WALLACE,**

Plaintiff-Appellant,

v.

**MICHAEL SCOTT FREEMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CATRON COUNTY**
**Shannon Murdock-Poff, District Court Judge**

The Law Office of Cathryn L. Wallace, LLC
Cathryn L. Wallace
Silver City, NM

for Appellant

Michael Scott Freeman
Mule Creek, NM

Pro Se Appellee

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order determining Plaintiff's damages pursuant to a default judgment entered against Defendant. We issued a calendar notice proposing to affirm, in part, and to reverse, in part. Plaintiff has filed a memorandum in opposition, which we have duly considered. Defendant did not file no memorandum in opposition. Unpersuaded our calendar notice was erroneous, we affirm in part and reverse in part.

**{2}** Initially, we note that in her memorandum in opposition, Plaintiff only renews one of the five issues she raised in the docketing statement. We limit the scope of our discussion accordingly. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (explaining that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). In her memorandum in opposition, Plaintiff continues to argue that the district court erred when it allowed Defendant to testify regarding the debt he owed Plaintiff. [MIO 7-22] We proposed to affirm on this issue on the grounds that the district court gave Defendant an opportunity to introduce his own testimony to mitigate his damages. [CN 4]

**{3}** In the memorandum in opposition, Plaintiff clarifies her assertion that the district court erred by allowing Defendant's testimony about the nature of the debt. [MIO 8] At the hearing, Defendant testified that he believed that many of the loans he had received from Plaintiff were gifts. [RP 119] Plaintiff contends that when her motion for default judgment was granted, "Defendant's ability to argue the nature of the debt itself, and to present a belated defense that the sum awarded was in fact gifted to the Defendant, was foreclosed." [MIO 9] Plaintiff argues that by allowing Defendant's testimony, the district court effectively set aside the facts set forth in the complaint, and allowed Defendant to put on a defense concerning the nature of the debt despite the fact that he was in default and had never moved for the default judgment to be set aside. [MIO 9] Specifically, Plaintiff argues that by "[p]ermitting a party to defend or re[]characterize the nature of a debt at that stage of a proceeding is tantamount to setting aside the findings of fact that make up the [d]efault [j]udgment and [o]rder of [r]eplevin." [MIO 15] *See Gallegos v. Franklin*, 1976-NMCA-019, ¶ 37, 89 N.M. 118, 547 P.2d 1160 ("Generally, a default judgment precludes a trial of facts, except as to damages. The allegations of the complaint, in effect, become findings of fact."). Plaintiff maintains that the district court relied on this improper testimony in determining the amount Defendant owed Plaintiff.

**{4}** In addition, Plaintiff asserts that the district court erred when, after the damages hearing, it permitted the parties to file written closing statements, and Defendant filed what Plaintiff describes as an "[a]nswer" to the complaint in which he denied owing any money to Plaintiff. [MIO 17; RP 125] Plaintiff maintains that this "[a]nswer" "formed the basis for the court's acceptance of . . . Defendant's undocumented claim that he owed a total of $40,000 . . . and that all other sums claimed had been 'gifted.'" [MIO 21]

**{5}** Based on our review of the record proper, however, we are not persuaded that the district court relied on Defendant's testimony regarding the nature of the debt. As stated in our calendar notice, the record proper indicates that the district court admitted and reviewed Plaintiff's exhibits. [CN 2-3] The district court's order states that it "reviewed submitted exhibits" and found that "Plaintiff has not m[et] her burden of proving that Defendant was indeed the person who acquired all the debt requested and thus finds in favor of Plaintiff only to the $40,000 that Defendant agreed he owed Plaintiff while under oath." [RP 132] The district court's order also provided reasoning, albeit under the wrong standard, as to why it did not find each of Plaintiff's exhibits relevant, credible, or persuasive regarding the debt Plaintiff alleged Defendant owed. Accordingly, we are unpersuaded that the district court relied on improper testimony

when it determined that Defendant was liable to Plaintiff only for the amount of $40,000, to which he admitted while under oath. *See Gray v. Grayson*, 1966-NMSC-087, ¶ 4, 76 N.M. 255, 414 P.2d 228 (stating that "the trial court will be presumed to have disregarded incompetent evidence, in a case tried without a jury, absent a showing that the court was influenced thereby"); *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005-NMCA-051, ¶ 31, 137 N.M. 524, 113 P.3d 347 (explaining that "[i]n a bench trial, a district court frequently must disregard evidence that has been offered by a party, but which the court has excluded" and that "[i]n such cases, we presume that the district court disregarded the incompetent evidence"); *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156 ("We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision.").

**{6}** To the extent that Plaintiff asserts that the district court's failure to hold an in-person hearing affected her ability to present evidence, we are unpersuaded. Specifically, Plaintiff maintains that "the [district] court never provided sufficient access to the court in order to properly present evidence despite its own ruling that these proceedings would occur in person." [MIO 19] As stated in our calendar notice, the district court encompasses four different counties, it rarely holds proceedings at the Catron County Courthouse, and its attempt to hold an in-person hearing had to be rescheduled due to inclement weather. [CN 7; RP 66, 89-91, 93] Plaintiff has not demonstrated that because there was no in-person hearing she was not able to present any of her evidence. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the contrary, as noted above, the district court reviewed Plaintiff's submitted exhibits and considered them in making its ruling.

**{7}** Finally, because we are unpersuaded that the district court erred in its determination of the amount of debt owed to Plaintiff, we need not reach Plaintiff's requests regarding the remand order [DS 22-30], except to state that we remand this case back to the district court to consider Plaintiff's evidence under the correct evidentiary standard—a preponderance of the evidence.

**{8}** For the reasons stated in our notice of proposed disposition and herein, we reverse and remand this case back to the district court to reweigh Plaintiff's evidence under the proper standard of proof and otherwise affirm.

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**