**Howard JAMISON, Administrator of the Estate of Lawrence F. Tomlinson, Deceased, Appellant,**

v.

**John Thomas KLINE.**

**No. 71-1075.**

United States Court of Appeals, Third Circuit.

Argued Jan. 17, 1972.

Decided Feb. 14, 1972.

William S. Schweers, Harrington, Feeney & Schweers,. Pittsburgh, Pa., for appellant.

Donald W. Bebenek, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa. (Raymond H. Conaway, Pittsburgh, Pa., on the brief), for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

In this diversity action involving a collision on a three-lane highway, we are asked by plaintiff-appellant to review several evidentiary rulings by the trial court concerning the speed at which defendant's vehicle was travelling. During a jury trial, the court permitted a state policeman to testify as to the speed of the vehicle just prior to the accident, based on a chart correlating speed with the length of skid marks, and refused to allow the policeman to testify as to the speed of defendant's vehicle at a point some three miles distant from the accident.

Specifically, plaintiff contends that the admission of the evidence gleaned from the chart was based on impermissible hearsay and that no foundation was established for the admission of the chart into evidence. He also asserts that defendant was precluded from relying on the chart because it was not identified prior to trial in accordance with Rule 5 II of the Rules of Court for the United States District Court for the Western District of Pennsylvania. With regard to the policeman's prior observation of defendant's vehicle, plaintiff asserts that the evidence was improperly excluded even though it was probative regarding the rate of speed of defendant's automobile.

The speed chart was prepared by the Northwest University Traffic Institute, apparently in the course of scientific inquiry and not for purposes of this litigation. In essence, the chart is a reduction to usable form of the operation of the laws of physics with regard to the speed of the vehicle, mass of the vehicle, and the coefficient of friction between tires and pavement. As such, the chart itself might well be the proper subject matter of judicial notice. *See* Horen v. Davis, 274 Pa. 244, 118 A. 22 (1922); Lessig v. Reading Transit & Light Co., 270 Pa. 299, 113 A. 381 (1921). *See also,* United States v. Bostic, 258 F.Supp. 977 (D.Pa.1966). Therefore, since the state trooper, who had eight years of experience dealing with traffic matters, testified that he was familiar with the chart, it was not error to allow him to testify as to facts deduced by mere application of the chart. In addition, plaintiff was allowed to examine the policeman regarding the use of the chart, and in so doing, plaintiff was able to elicit information favor-

able to his case. Furthermore, whether the chart was excludable because of the asserted violation of Rule 5 II, depends on whether its use was contemplated as direct evidence in defendant's case or as evidence impeaching plaintiff's case, the latter evidence being exempt from operation of Rule 5 II. Since the state policeman was called as plaintiff's witness, it was not error to hold that the chart, used on cross examination, was utilized only for impeachment purposes, and thus not subject to Rule 5 II.

 With regard to the exclusion of testimony claimed to be relevant and probative, the district court, applying Pennsylvania law in accordance with Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), has wide discretion. In Finnerty v. Darby, 391 Pa. 300, 138 A.2d 117, 124 (1958), the Pennsylvania Supreme Court stated:

> "Whether the evidence of speed is too remote in time and distance depends upon the facts in each case. . . ."

Here, after an objection was sustained to a proffer of evidence as to the speed of defendant's car when first seen by the policeman three miles from the location of the collision, the policeman was allowed to testify that he thought defendant was speeding at this point, that he proceeded to follow the vehicle, and that in so doing, the policeman came upon the accident after travelling a distance of three miles. Thus, plaintiff was allowed to develop every fact contained in his proffer of evidence, except the exact speed of defendant's automobile when it was three miles from the place of the accident. The trial court's ruling was not reversible error for two reasons. First, because the distance between the observation and the collision was three miles and the time span during which the officer was not able to observe defendant's car was considerable, the trial judge did not abuse his discretion. Second, because of the comprehensiveness of the facts elicited, even if the ruling had been error, it clearly would

have been harmless. Fed.R.Civ.P. 61. And in any event, it is doubtful whether the policeman could have testified with any greater specificity with regard to defendant's speed, since he was on the opposite side of the highway from defendant and over a minute elapsed before he could bring his patrol car on to the highway.

Accordingly, the judgment of the district court and its order denying a new trial, 319 F.Supp. 951, will be affirmed.