621 P.2d 503

**John Richard MAURER and Farmers Insurance Group, aka Farmers Insurance Exchange, a corporation, Petitioners,**

v.

**Kenneth THORPE, Rosella Marie Hepner and Allstate Insurance Companies, a corporation, Respondents.**

No. 13127.

Supreme Court of New Mexico.

Dec. 5, 1980.

Carl M. Sparks, Albuquerque, for petitioners.

Farlow & Bardley, LeRoi Farlow, Albuquerque, Robert H. Graham, Farmington, for respondents.

OPINION

SOSA, Chief Justice.

This appeal concerns the denial of plaintiff's attempt to join defendant's insurer as a party–defendant and is limited to the determination of one narrow issue, whether a plaintiff, who is required by law to join its insurance company as an indispensable party–plaintiff by way of subrogation in an automobile tort claim action, is denied equal protection of the law or denied due process if not allowed the right to join defendant's insurance company as a party–defendant. This issue is one of first impression in this state and we granted certiorari in order to review the laws of New Mexico bearing on this issue.

Plaintiff Maurer was injured in an automobile accident when the vehicle he was driving was allegedly struck by a vehicle driven by defendant Hepner. Pursuant to his own policy, plaintiff received insurance proceeds from his insurer, Farmers Insurance Exchange. Plaintiff then brought suit against Hepner, and joined Thorpe, the owner of the vehicle driven by Hepner. He also sought to join defendants' insurer, Allstate Insurance Company, as a party–defendant. Plaintiff's insurer, Farmers Insurance Exchange, was named as a party–plaintiff because of their subrogation rights. Upon motion of defendant Allstate the district court dismissed Allstate from the action as a party–defendant. The Court of Appeals affirmed. We reverse.

In reviewing the New Mexico law pertaining to insurance companies we find that the insurer is afforded different treatment depending upon whether the party insured is a plaintiff or defendant. As an insurer of plaintiff, the insurance company pays policy proceeds and thus becomes a subrogee of any claim pressed by the insured against the party causing the injury. Thus the insurance company is deemed to be an indispensable party to the action and is required by law to be named a party–plaintiff. *Sellman v. Haddock,* 62 N.M. 391, 310 P.2d 1045 (1957). As plaintiff's insurer, insurance companies are supportive of what has come to be known as the "Sellman rule" as it allows an insurance company to participate fully in the litigation thereby protecting its own interest, namely, recovering from the defendant an amount equal to what has been paid on the insured's claim.

The insurer of the defendant in cases based on tort liability is afforded a status different from plaintiff's insurer in that it is allowed to remain anonymous to the action. Here, the insurance company is deemed to be a disinterested party, liable to no person until the liability of its insured has been established. The plaintiff has no direct right of action at law against the insurance company and cannot join the insured and liability insurer as parties–defendants unless there exists a contractual or statutory provision authorizing such action.

*Campos v. Brown Construction Company,* 85 N.M. 684, 515 P.2d 1288 (1973); *Chapman v. Farmers Ins. Group,* 90 N.M. 18, 558 P.2d 1157 (Ct.App.1976), *cert. denied,* 90 N.M. 254, 561 P.2d 1347 (1977); *Caster v. Board of Education of Albuquerque,* 86 N.M. 779, 527 P.2d 1217 (Ct.App.1974).

The fact that insurance plays any role in the case against defendant has been withheld from the jury because of its prejudicial effect. *Fort v. Neal,* 79 N.M. 479, 444 P.2d 990 (1968), (prejudicial effect recognized); *Falkner v. Martin,* 74 N.M. 159, 391 P.2d 660 (1964), (mistrial if disclosure calculated to influence the verdict); *Theurer v. Holland Furnace Co.,* 124 F.2d 494 (10th Cir. 1941), (evidence relating to insurance limited to credibility of witness).

This treatment afforded defendant's insurer may be justified where a plaintiff attempts to bring a direct action against the insurer and no insurer is named as a party–plaintiff. The underlying policy is stated in 8 *Appleman Insurance Law and Practice,* § 4861 (1962), as

> prevent[ing] prejudice to the insurer by injecting the element of insurance into a jury trial, in deference to what is believed to be a jury's tendency to find negligence or to augment the damages if it thinks that an affluent institution such as an insurance company will bear the loss.

The above–stated policy is not applicable where plaintiff is compelled by law to join its insurer to its cause of action. In this situation the element of insurance is already before the jury. Here the possibility of prejudice is lessened, while the possible prejudice to the plaintiff increased. This prejudice may take the form of a misconception in the minds of the jurors that the parties are somehow unequal. It may be perceived that a plaintiff and its insurance company are bringing suit against an uninsured defendant. Also the disclosure that the insurer has paid a certain amount to plaintiff might tend to determine the amount of damage suffered, thereby liquidating the claim to the amount paid by the plaintiff's insurer. Finally the jury may believe

that the plaintiff has already been sufficiently compensated for its injury and thereby deprive plaintiff of any additional amounts to which he might rightfully be entitled. The plaintiff is in effect being denied the opportunity to present its case in a meaningful manner and is thereby denied due process of the law.

Due process is a malleable principle which must be molded to the particular situation, considering both the rights of the parties and the governmental interests involved. *Matter of Valdez*, 88 N.M. 338, 540 P.2d 818 (1975). In the instant case the rights of the parties are balanced and protected only when both insurance companies are named as parties to the action. The governmental interest is met by allowing the case to proceed in a meaningful manner with neither party being unduly prejudiced. In this way we can insure the integrity of the fact finding process and the basic fairness of the decisions, which are the principal considerations of due process. *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290 (1979), *cert. denied*, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979).

We are satisfied that plaintiff has shown that there exists a real probability that prejudice will result from excluding defendants' insurer in cases where his insurance carrier is named as a party–plaintiff and there is an inference that he has been fully compensated. Such a showing is a requirement in claims of due process deprivation. *Cf. United States v. Ramirez*, 524 F.2d 283 (10th Cir. 1975).

This decision, however, does not create a direct action against defendant's insurer nor do we declare the insurer to be an interested party and therefore subject to joinder as was held in *Shingleton v. Bussey*, 223 So.2d 713 (Fla.1969). We decide only that a plaintiff, who is compelled by law to join his insurer and is then denied the right to name the defendant's insurance carrier as a party–defendant, is prejudiced in presenting his case and that such practice is fundamentally unfair and violates concepts of due process of law.

The judgment of the Court of Appeals is hereby reversed and the cause is remanded to the trial court for further proceedings consistent herewith.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., and EASLEY, Senior Justice, concur.

PAYNE, J., specially concurs.

PAYNE, Justice, specially concurring.

I concur in the result reached by the majority. I disagree, however, with the general policy barring the admission of evidence relating to the existence of a defendant's insurance coverage. While I recognize a majority of jurisdictions continue to perpetuate this bar, they have done so based on the unsubstantiated fear that juries would return verdicts against defendants on insufficient evidence or for larger amounts if they knew the insurance company and not the defendant were to pay. *See* Annot., 4 A.L.R.2d 761 (1949). A review of the cases in those states with direct action statutes, like Louisiana and Wisconsin, show these fears to be unfounded. Evidence of insurance coverage should be treated as any other evidence, with its admissibility dependent upon the rules of evidence and not an artificial, absolute bar.