637 P.2d 578

**Julia Casement CAMPBELL and Western Farm Bureau Mutual Insurance Company, Plaintiffs-Appellees,**

v.

**Lorraine A. BENSON and Mountain States Mutual Casualty Company, Defendants-Appellants.**

No. 5284.

Court of Appeals of New Mexico.

Nov. 19, 1981.

Thomas L. Johnson, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendants-appellants.

Alfred M. Carvajal, Albuquerque, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

This is an interlocutory appeal from an order of the trial court denying a motion to dismiss defendant's insurer Mountain States Mutual Casualty Company (Mountain States) as a party defendant in a civil action in tort. We affirm.

The single issue presented is whether defendant's insurance carrier may be required to be joined as a party defendant in a civil suit where neither the individual defendant nor her insurance company sought by any compulsory means to have plaintiff's insurance carrier joined as a party to the action.

The pending litigation between the parties arose out of an automobile collision which occurred on April 3, 1980. The plaintiff's insurance carrier, Western Farm Bureau Mutual Insurance Company, under its policy of insurance was required to pay certain hospital and medical bills on behalf of plaintiff, Julia C. Campbell, and to pay for repairs to plaintiff's automobile, less the amount deductible under its policy. Plaintiff Campbell seeks recovery against defendant Lorraine Benson for alleged personal injuries, pain and suffering and for loss of working ability. Plaintiff's insurance carrier has joined in this suit in the amended complaint as a co-plaintiff pursuant to a subrogation agreement, seeking recovery against the defendant Benson for the amounts paid plaintiff under its insurance policy.

The appeal before this court is interlocutory in nature and has preceded trial on the merits; the factual issues between the parties have not yet been determined. As alleged in plaintiff's amended complaint, however, plaintiff's insurance carrier paid plaintiff medical and property losses covered under plaintiff's insurance policy and plaintiff Campbell signed a proof of loss statement and subrogation agreement on December 1, 1980. Under the subrogation agreement plaintiff's insurance company acquired the right to seek recovery in the amount of such payments. The agreement for subrogation by the insured predated the filing of *Maurer v. Thrope*, 95 N.M. 286, 621 P.2d 503 (1980).

Mountain States asserts that the decision of *Maurer* is not applicable under the facts of this case; that plaintiff Campbell, instead of signing a proof of loss statement when she was paid by her insurance company for property damage to her vehicle and medical expenses, could have executed a loan receipt in lieu of a subrogation agreement and thereby obviated making her insurance carrier an indispensable party under the holding in *Sellman v. Haddock*, 62 N.M. 391, 310 P.2d 1045 (1957).

Mountain States contends that plaintiff had an alternative to naming her own insurance company as a party in this litigation, and therefore plaintiff was not compelled to join its own insurance carrier in this action; that the reason plaintiff's insurance company joined as a co-plaintiff was to justify joinder of defendant's insurance carrier. Mountain States further asserts that the trial court improperly relied on the decision in *Maurer* in arriving at its ruling denying its motion to dismiss.

In *Maurer*, the Supreme Court held that where a plaintiff is compelled by law to join its insurer to its cause of action, plaintiff can compel joinder of defendant's insurance carrier as a party defendant in such suit; that although, as a general rule, the fact that either party in a pending suit has insurance coverage should not be disclosed to the jury because of the possible prejudicial effect of such information, an exception to such rule should be recognized where plaintiff is required by law to join its insurer as a party to the action. The court further stated that a real possibility exists

that prejudice will result from excluding defendant's insurance carrier in cases such as *Maurer.* Where plaintiff has been required to join his insurance carrier, an inference arises that plaintiff has been fully compensated. The court noted that under such circumstances "the rights of the parties are balanced and protected only when both insurance companies are named as parties to the action."

In the instant case, plaintiff's insurer obtained an assignment of claim from its insured and joined in such litigation as a co-plaintiff under an amended complaint filed January 9, 1981. Because service of the original complaint upon defendant Benson was never perfected under N.M.R.Civ.P. 15, N.M.S.A.1978, plaintiffs were not required to seek leave of the court to file an amended complaint.

Mountain States contends that its joinder as a party defendant in this action violates due process under the Fourteenth Amendment of the United States Constitution and under the New Mexico State Constitution. Such argument was considered in *Maurer* and rejected. Justice Sosa, writing for the court, observed, "Due process is a malleable principle which must be molded to the particular situation, considering both the rights of the parties and the governmental interests involved." The court concluded that where plaintiff is required by law to join his insurance carrier as a party plaintiff, defendant's liability carrier should also be joined as a party defendant to insure the right of a fair trial.

In *Maurer,* the court carefully avoided the creation of a direct action by an injured party against a defendant's insurer. This aspect was discussed as follows:

> This decision, however, does not create a direct action against defendant's insurer nor do we declare the insurer to be an interested party and therefore subject to joinder as was held in *Shingleton v. Bussey,* 223 So.2d 713 (Fla.1969).
>
> \*   \*   \*   \*   \*   \*
>
> We decide only that a plaintiff, who is compelled by law to join his insurer and is

then denied the right to name the defendant's insurance carrier as a party-defendant, is prejudiced in presenting his case and that such practice is fundamentally unfair and violated concepts of due process of law.

Mountain States' argument that plaintiff voluntarily injected disclosure of the existence of insurance coverage by defendant Mountain States by plaintiff's selection of a proof of loss statement and subrogation agreement, rather than execution of a loan receipt, misinterprets the holding in *Maurer.* The decision to utilize a "loan receipt" rather than "subrogation agreement" method of compensating the insured is often dictated by the language of insurance policies already issued and binding in their effect. In New Mexico under § 59–23–2, N.M.S.A.1978, motor vehicle insurance policies prior to issuance are subject to the approval of the state superintendent of insurance. Proof of loss requirements and the right of subrogation on payment of losses incurred are commonly contained in many motor vehicle policies issued in New Mexico, and are a matter of contract. See, 2 R. Long, The Law of Liability Insurance § 23.01, at 23.6 (1980).

The right of subrogation, however, is not always necessarily founded on contract; it is also an equitable remedy and may arise by operation of law. *United States Fidelity & Guaranty Co. v. Raton Natural Gas Co.,* 86 N.M. 160, 521 P.2d 122 (1974); *State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co.,* 78 N.M. 359, 431 P.2d 737 (1967); *see also Fidelity & Deposit Co. of Maryland v. Atherton,* 47 N.M. 443, 144 P.2d 157 (1943).

Loan receipts are defined in Couch on Insurance 2d § 61.72 (1966), to be:

> An arrangement under which the insurer advances to the insured the amount of loss to the extent of the insurer's liability, which loan is repayable only in the event of any net recovery by insured.
>
> The loan receipt transaction permits an insurer to make speedy payment to an insured, and yet avoid the consequence of subrogation that the insurer is the real

party in interest which must prosecute the claim against the tort feasor in its own name.

The rationale for the use of the loan receipt is further explained in Couch, supra, § 74.418 (1968):

Some jurisdictions take loan receipts at their face value and have concluded that no subrogation arises where the insurer merely advances money to the insured to be repaid later out of the amount recovered, with the consequence that the action against the tort-feasor must be brought in the name of the insured. Such courts hold that where a loan is made to the insured repayable on recovery from the wrongdoer, the insurer is not subrogated to the rights of the insured and the insurer is the real party in interest to bring an action. That is to say, the insurer does not become the real party in interest by advancing or loaning to the insured-plaintiff a sum to be repaid out of the recovery, and in such case the defendant cannot bring in the insurer as a party to the action.

A "loan receipt" provision under which the insurer advances to the insured the amount of loss to the extent of the insurer's liability, has been recognized as a valid insurance provision in New Mexico. *Home Fire & Marine Ins. Co. v. Pan American Petroleum Corp.*, 72 N.M. 163, 381 P.2d 675 (1963). As observed above, however, the choices between subrogation or loan receipt arrangements are commonly dictated by the language of the insurance policy itself, and at times are outside the control of the insured after a loss has been sustained. Mountain States' argument would also require of an insured party considerable expertise in the selection of the form of casualty insurance obtained and in pursuing collection of a claim for insurance.

█ Plaintiff is not required at her peril to join her insurance carrier as a party plaintiff to this action only under compulsion by motion or other proceeding. The failure of a plaintiff to initially join as an indispensable party its insurance carrier where plaintiff has been paid for losses covered under a policy of insurance and a signed subrogation agreement is jurisdictional. See *Holguin v. Elephant Butte Irrigation Dist.*, 91 N.M. 398, 575 P.2d 88 (1977); *U. S. Fidelity & Guaranty Co. v. Raton Natural Gas Co., supra; Sellman v. Haddock, supra.* Plaintiff Campbell properly joined her insurance carrier to this action in order to obviate the jurisdictional problem. Moreover, plaintiff signed the proof of loss and subrogation statement prior to the rendition of the Supreme Court decision in *Maurer* and at a time when she was apparently unaware of its import.

█ Mountain States' also contends that, even if plaintiff may be deemed to have been under compulsion to join its insurance carrier as a co-plaintiff in this action, any resulting prejudice to plaintiff from such joinder can be cured by a cautionary jury instruction rather than by joinder of defendant's insurance carrier. Although we agree under the facts of this case that the court should give a cautionary instruction to the jury regarding their duties to impartially decide the factual issues irrespective of the existence of insurance, the decision in *Maurer* holds joinder is also necessary to offset prejudice in such situation.

█ The role of Mountain States in the action below under the circumstances outlined in *Maurer* is only that of a "nominal party," or "pro-forma party." The requirement that it be joined as a defendant therein neither gives rise to the creation of a direct action against it, nor relegates it to the status of an "interested party" or "indispensable party" from whom any relief can be sought. See, *Maurer; Selman v. Haddock, supra.*

█ A "nominal party" or "pro-forma party" defendant is one who, although joined as a party defendant, has no real interest in the subject matter because no relief is demanded from it in the pleadings, and is joined merely because the technical rules of pleading require its presence in the record. "Pro-forma" literally is defined as "for the sake of form or as a matter of form." *See Brown v. Jones*, 134 S.W.2d 850

(Tex.Civ.App.1939); *Yellow Cab & Baggage Co. v. Smith,* 30 S.W.2d 697 (Tex.Civ.App. 1930). The criterion by which to determine when one is a nominal party is whether the pleading seeks some relief against him. *Medico v. Employers' Liability Assur. Corp.,* 132 Me. 422, 172 A. 1 (1934).

*Maurer* expressly precludes a direct action by an injured party against a defendant's insurer except where a contractual or statutory provision authorizes such suit. In the instant case, plaintiffs in their amended complaint sought no relief against defendant's insurance carrier but in their prayer included a request for an award of damages against defendants "jointly and severally." A prayer for relief forms no part of the cause of action. *Heth v. Armijo,* 83 N.M. 498, 494 P.2d 160 (1972); *Chavez v. Potter,* 58 N.M. 662, 274 P.2d 308 (1954), *overruled on other grounds, State ex rel Gary v. Firemen's Fund Indemnity Co.,* 67 N.M. 360, 355 P.2d 291 (1960); *Durham v. Rasco,* 30 N.M. 16, 227 P. 599, 34 A.L.R. 838 (1924). Under the circumstances plaintiffs may not directly seek any relief from Mountain States.

Mountain States further argues on appeal that, under the facts of this case, its joinder as a co-defendant was improper because there is no inference that plaintiff Campbell was fully compensated by her insurance company. Such argument must fail. An inference exists that plaintiff fully recovered compensation from its own insurance carrier to the extent that such policy would permit.

Mountain States' arguments as to the prejudicial effect of its joinder as a nominal or pro-forma party in the instant case were considered by the court in *Maurer.* Such decision weighed the relative effect in trials by jury where a plaintiff is required to join his carrier and the existence of defendant's insurer is not disclosed. *Maurer* determined that fundamental fairness under such circumstances requires joinder of defendant's insurance carrier as a nominal or pro-forma party.

After fully considering Mountain States' contentions, we conclude that plaintiff was compelled to join its insurance carrier as a party plaintiff under the facts of this case for purposes of applying the decision in *Maurer.*

The ruling of the trial court denying the motion to dismiss of Mountain States is affirmed.

WALTERS, C. J., and LOPEZ, J., concur.