655 P.2d 539

**Mary Beth ROBERTS and Allstate Insurance Company, Plaintiffs-Appellees,**

v.

**Barbara SPARKS, Defendant-Appellant.**

**No. 5647.**

Court of Appeals of New Mexico.

Nov. 4, 1982.

Certiorari Denied Dec. 17, 1982.

Carl M. Sparks, Albuquerque, for defendant-appellant.

Earl R. Norris, Oldaker & Oldaker, Albuquerque, for plaintiffs-appellees.

## OPINION

LOPEZ, Judge.

Plaintiffs Mary Beth Roberts (Roberts) and Allstate Insurance Company (Allstate) filed a complaint in subrogation to recover damages caused to Roberts' automobile by Barbara Sparks (Sparks). Sparks filed a

counterclaim against Roberts and Allstate. The jury returned a verdict finding Roberts 40 percent negligent and Sparks 60 percent negligent. Judgment was entered on the verdict and Sparks was ordered to pay $600.00. We affirm.

Sparks raises four issues on appeal:

(1) Whether the trial court erred in failing to grant Sparks' motion to strike Allstate's defense that the countercomplaint should be dismissed for failure to state a claim for relief.

(2) Whether the trial court erred in refusing evidence proffered by Sparks which was to prove Allstate's liability on the counterclaim.

(3) Whether the trial court erred in refusing Sparks' proffered jury instruction regarding Allstate's liability.

(4) Whether the trial court erred in refusing to allow the investigating police officer's opinion of speed based on reference to a braking distance chart.

## STATEMENT OF FACTS

Roberts and Sparks had an automobile intersection collision. Roberts and Allstate sued Sparks for reimbursement for damage to Roberts' car. Pursuant to the policy, Allstate paid Roberts $1,296.42 and Roberts suffered a loss in the amount of her deductible, $100.00. Sparks answered and counterclaimed, alleging Roberts was comparatively negligent, and that Allstate was liable for Roberts' negligence. Plaintiff Allstate answered the counterclaim alleging that the counterclaim should be dismissed against it for failure to state a claim upon which relief can be granted.

Sparks moved to strike paragraph three of Allstate's answer to the counterclaim. At a hearing on the motion, Sparks argued that because Allstate voluntarily submitted itself to the court as plaintiff, it could not now be heard to argue that it was not a proper counterclaim defendant. The trial court denied Sparks' motion to strike, but nonetheless retained Allstate as a named counterdefendant. Sparks argues that the trial court erred in denying the motion.

Before trial, the parties stipulated to the amount of the damages. The jury was informed of this stipulation. During trial Sparks attempted to question Roberts about liability coverage under her policy with Allstate. Plaintiffs objected, and Sparks argued that the testimony was required to show Allstate would be liable for any judgment on the counterclaim in favor of Sparks. The trial court refused to admit the evidence, and Sparks claims this was error.

On a related matter, Sparks also assigns error to the trial court's refusal to instruct the jury on Allstate's liability for a judgment against Roberts. The proffered instruction provides as follows:

If you find that the plaintiff, Mary Beth Roberts, had a policy of public liability insurance issued to her by the plaintiff, Allstate Insurance Company, and that said policy was in effect on the day of the accident, then Allstate Insurance Company is liable for any net damages awarded in favor of the defendant, Barbara Sparks.

Sparks also claims that the trial court erred in refusing evidence of the investigating police officer's opinion on the speed of Roberts' car. The officer measured the skid marks left by Roberts' car and then offered an opinion as to speed. The opinion was based on figures in an average braking distance chart. Roberts objected to an opinion based on the chart, and the objection was sustained.

The chart was excluded on the grounds that it was compiled from tests taken at near-perfect conditions, and did not consider variables such as road incline or road surface friction. Sparks made an offer of proof of the officer's opinion based on the chart, wherein the officer testified that Roberts' car was traveling "in excess of 40 miles per hour." Other witnesses also testified to the speed of Roberts' car. Ms. Roberts herself said she was making 35 miles per hour. Ms. West witnessed the collision and testified that the Roberts car was making "at least 40" miles per hour. Thus, while Sparks' offer of proof was heard and

rejected, additional evidence of speed of the Roberts car is in the record.

At the outset, one concept must be noted as applying to issues I, II, and III. In New Mexico both this court and the Supreme Court have uniformly held that, absent contractual or statutory authority to the contrary, an injured party is precluded from bringing a direct action against defendant's insurer. *Maurer v. Thorpe,* 95 N.M. 286, 621 P.2d 503 (1980); *Campbell v. Benson,* 97 N.M. 147, 637 P.2d 578 (Ct.App.1981). Furthermore, "[a] counterclaim, inasmuch as it asks for affirmative relief, assumes the same status of an original complaint." *True v. Hi-Plains Elevator Machinery, Inc.,* 577 P.2d 991, 1000 (Wyo.1978). Accordingly, Sparks attempts to do by way of a counterclaim that which New Mexico courts have repeatedly held cannot be done in an original complaint. Therefore, on this basis alone, the first three issues raised by Sparks are of dubious merit.

In addition to the above, Roberts, Allstate and Sparks pose arguments for their respective positions on each issue, and those positions briefly will be examined.

ISSUE I

Whether the trial court erred in not granting Sparks' motion to strike.

Rule 12 of the New Mexico Rules of Civil Procedure concern motions to strike, and it provides, in pertinent part, as follows:

[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

N.M.R.Civ.P. 12(f), N.M.S.A.1978 (1980 Repl.Pamph.).

The New Mexico rule is an adaptation of federal rule 12. *See* F.R.Civ.P. 12(f), 28 U.S.C.A. Courts which have applied federal rule 12(f) have stated that motions to strike are not favored, and are infrequently granted. *See, e.g., Croy v. Skinner,* 410 F.Supp. 117, 132 (N.D.Ga.1976). Moreover, in *Smith v. Hicks,* 14 N.M. 560, 98 P. 138 (1908), the Supreme Court addressed a motion to strike a portion of the complaint.

The motion was denied, and on appeal the court stated as follows:

There was no error committed in the overruling of this motion. But even if the court had erred in overruling the motion, a reversal of the judgment would not follow. A party has no absolute right to have his adversaries pleadings pruned to suit his fancy. A reviewing court will only interfere in such matters where it appears that the denial of a motion to correct a pleading was not only erroneous, but prejudicial to the substantial rights of *the moving party.*

14 N.M. at 565, 98 P. at 139 (Citing *Lincoln Mortgage & Trust Co. v. Hutchins,* 55 Neb. 158, 75 N.W. 538 (1898)).

In the case at bar Sparks made no effort to show prejudice, but merely opined that the motion to strike should be granted. According to *Smith,* Sparks, as appellant, has failed to bear her burden on appeal. The trial court did not err in denying Sparks' motion to strike the affirmative defense.

ISSUE II

Whether the trial court erred in refusing evidence regarding Allstate's liability on the counterclaim.

Sparks' brief cites to us no authority in support of her argument that evidence of Allstate's liability should have been admitted. Furthermore, Sparks fails to distinguish the case at bar from those prohibiting direct action against insurance companies. *Campbell v. Benson, supra; Maurer v. Thorpe, supra.* Barring explanation or distinction of the instant case from *Campbell,* and *Maurer,* Sparks has failed to demonstrate why she is entitled to relief.

ISSUE III

Whether the trial court erred in refusing Sparks' proffered jury instructions regarding Allstate's liability.

Sparks claims the court erred in refusing instruction number four, but provides no law to support this conclusion. As pointed out above, New Mexico law rejects direct actions against insurance companies. Sparks' questioning detailed under Issue II, and the requested instruction in Issue III,

fly in the face of established law. *Campbell v. Benson,* 637 P.2d at 582; *Maurer v. Thorpe,* 95 N.M. at 288, 621 P.2d 503. Yet Sparks does nothing other than to opine that time for change is at hand.

Furthermore, in *Stephens v. Dulaney,* 78 N.M. 53, 55, 428 P.2d 27 (1967), the court stated that "[a] party is entitled to have the jury instructed upon all correct legal theories of his case which are pleaded and supported by evidence, and a failure by the trial court to so instruct constitutes reversible error." (Citations omitted.).

■ New Mexico clearly prohibits direct action against insurance companies. *Campbell, supra; Maurer, supra.* Sparks failed to show the decision in *Campbell* was erroneous or that this court could do anything but follow *Maurer.* Yet Sparks' requested jury instruction seeks recovery directly from Allstate. Because the requested instruction was predicated upon a legal theory which is incorrect under current law, the trial court did not err in refusing the instruction.

ISSUE IV

Whether the trial court erred in refusing the investigating officer's opinion of vehicle speed, when his opinion was based on reference to a braking chart.

Sparks argues that evidence from the braking distance chart should have been admitted on the issue of speed of the Roberts' vehicle, because the chart is of the same nature as mortality tables, almanacs, and market reports. In support of this argument, Sparks cites from an A.L.R. annotation entitled "Admissibility in Evidence, in Automobile Negligence Action, of Charts showing Braking Distance, Reaction Times, Etc.". Annot. 9 A.L.R.3d 976 (1966). The cases generally stand for the proposition that charts providing stopping distances are admissible in evidence. In the case at bar, however, the question regards not the charts as evidence, but the officer's opinion based on the charts. Sparks does not account for this factual distinction.

Allstate argues against admission of the charts. The basis of its argument is that the charts are only admissible under N.M.R. Evid. 803(17), market reports and commercial publications; or N.M.R.Evid. 803(24), other exceptions. Pursuant to rule 803(17), material is admissible if it is a tabulation, list, directory or other published compilation which is generally used and relied upon by the public or by persons in particular occupations. N.M.R.Evid. 803(17), N.M.S.A. 1978. Rule 803(24) permits introduction of hearsay not otherwise provided for in the rule if the proffered exception has circumstantial guarantees of trustworthiness equivalent to the provided for exceptions. N.M.R.Evid. 803(24), N.M.S.A.1978.

■ The issue regarding the braking chart can be disposed of without consideration of the positions delineated above. The trial court admitted testimony from three other witnesses regarding speed of the Roberts' car. Ms. Roberts testified that she was going 35 miles per hour. Ms. Sparks testified that Roberts' car was "going over 40". Ms. West witnessed the collision and testified that Roberts' car was going "at least 40".

Rule 403, N.M.R.Evid., N.M.S.A.1978, provides that "[a]lthough relevant, evidence may be excluded * * * by considerations of undue delay, waste of time or needless presentation of cumulative evidence." In the case at bar, three witnesses testified that Roberts' car was traveling between 35 and 40 miles per hour. A review of the testimony shows that Ms. Roberts testified that she was going 35 miles per hour. Next, the officer's proffered testimony was rejected. Then Ms. West and Ms. Sparks testified that the car was making about 40 miles per hour. The officer's testimony did not controvert Roberts' or West's testimony. Rather, it was cumulative in nature.

Moreover, Rule 103(a), N.M.R.Evid., N.M.S.A.1978, provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was appar-

ent from the context within which questions were asked."

While Sparks did make an offer of proof, no showing has been made that substantial rights were affected. Again, Sparks merely argues that the officer's testimony was excluded because it was based on the braking chart, and that the exclusion was error. In *Specter v. Specter,* 85 N.M. 112, 509 P.2d 879 (1973), the Court stated that "[i]f error was in fact committed, and defendant intended to successfully rely thereon, he was obliged to demonstrate that his rights were prejudiced thereby." 85 N.M. at 113, 509 P.2d 879 (Citations omitted). In the case at bar, as in *Specter,* no prejudice was shown.

Finally, we determine whether the investigating officer was qualified as an expert witness. It is difficult for us to determine from the record, and from oral argument, whether the trial court accepted the police officer as an expert witness. Assuming arguendo that it did, we make the following conclusion.

As the basis for his opinion of speed of the Roberts' car, he sought to use the braking chart. Rule 703, N.M.R.Evid., N.M.S.A. 1978, relates to the basis for an expert's opinion and provides as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the *facts or data need not be admissible in evidence.*

N.M.R.Evid. 703 (Emphasis added).

Braking charts are often relied upon by those who attempt to ascertain vehicle speed from skid marks. In *Jamison v. Kline,* 454 F.2d 1256, 1257 (3rd Cir.1972), the court stated "[i]n essence, the chart is a reduction to usable form of operation of the laws of physics with regard to the speed of the vehicle, mass of the vehicle, and the coefficient friction between tires and the pavement." The court in *Kline* also stated that the braking distance chart might be the proper subject matter of judicial notice. *Id.*

Furthermore, in *Alford v. Drum,* 68 N.M. 298, 361 P.2d 451 (1961) the Court stated that "testimony of a duly qualified expert as to speed, based on skid marks, is admissible." 68 N.M. at 302, 361 P.2d 451 (Citations omitted). Coupling the holding in *Alford* with provisions of evidentiary rule 703, New Mexico law sanctions expert testimony regarding vehicle speed when such testimony is based on interpretation of skid marks.

Unless a witness is permitted to testify as an expert, his testimony in the form of opinions or inferences is limited to those opinions which are rationally based on the perception of the witness or are helpful to a clear understanding of his testimony or determination of fact in issue. N.M.R.Evid. 701, N.M.S.A.1978. Whether a witness is shown to be qualified as an expert is a matter addressed to the judicial discretion of the trial Court. *Alford v. Drum,* supra; *State Farm Fire & Casualty Co. v. Miller Metal Co.,* 83 N.M. 516, 494 P.2d 178 (Ct. App.1971). Appellant has not demonstrated an abuse of the trial court's discretion.

Appellant must demonstrate on appeal that she was prejudiced. *Specter v. Specter,* 85 N.M. at 113, 509 P.2d 879. This she has not done. Moreover, because the proffered evidence was cumulative, and other evidence in the record indicates the speed of Roberts' car exclusion of the opinion evidence was nonprejudicial and harmless error. *State, Etc. v. Rio Rancho Estates, Inc.,* 95 N.M. 560, 565, 624 P.2d 502 (1981).

We conclude that the trial court did not err in excluding the testimony of the police officer. The judgment of the trial court is affirmed. Defendant shall pay the costs of this appeal.

IT IS SO ORDERED.

SUTIN and DONNELLY, JJ., concur.