679 P.2d 816

**SAFECO INSURANCE COMPANY OF AMERICA, a foreign corporation, Petitioner,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation, Respondent.**

**No. 14643.**

Supreme Court of New Mexico.

April 10, 1984.

J.E. Casados, Gallagher & Casados, Albuquerque, for petitioner.

John E. Farrow, Fairfield, Farrow, Hunt, Reecer & Strotz, Albuquerque, for respondent.

## OPINION

WALTERS, Justice.

This action arose when Kim Taylor's automobile collided with an automobile driven by Nicholas Calomino and an automobile driven by Richard Vigil and owned by Eugene Vigil. Taylor was insured by USF & G, Calamino was insured by Safeco, and the Vigils were uninsured. After USF & G paid the bulk of Taylor's damages, it sued Calomino, Safeco, and the Vigils on a subrogation theory, and named Taylor an involuntary plaintiff to the extent of her $100 deductible. The trial court dismissed the claim against Safeco. Citing *Sellman v. Haddock,* 62 N.M. 391, 310 P.2d 1045 (1957), *Maurer v. Thorpe,* 95 N.M. 286, 621 P.2d 503 (1980), and *Campbell v. Benson,* 97 N.M. 147, 637 P.2d 578 (Ct.App.1981), the court of appeals reversed and held that due process requires Safeco to be joined as a party defendant. We granted certiorari to clarify the law regarding joinder and naming insurance companies as parties, and regarding the introduction of evidence of a party's insured status.

We reverse the result reached by the court of appeals and remand the matter to the trial court for additional proceedings.

## I.

In New Mexico, an insurer who pays the claim of its insured under an automobile insurance policy is deemed to be subrogated by operation of law to recovery of its payments against the person who caused the loss. In 1957, under *Sellman,* this Court held that when the insurer pays its insured any amount of the loss, it is deemed to be a necessary and an indispensible party in any later action by its insured against the person responsible for the loss. *Sellman,* 62 N.M. at 403, 310 P.2d at 1053. This holding had the effect of requiring plaintiff's insurer to join in the action while disallowing any mention of defendant's insurer. In 1980, this Court attempted in *Maurer* to alleviate a portion of the *Sellman* problem. *Maurer,* 95 N.M. at 287, 621 P.2d at 504. Later, in *Campbell,* the court of appeals re-emphasized the *Maurer* rule and held that when a plaintiff is compelled to join the insurance company as a party, the element of fairness embodied in due process requires joinder of a defendant's insurance company as well.

Although the *Sellman* joinder doctrine was to some extent improved, it remains critically flawed as evidenced by the questions posed in the instant case. Here, USF & G is bringing suit against Calamino and his insurer Safeco, and against the Vigils who, because they are uninsured, have no insurer to be joined. The existing joinder doctrine, in attempting to balance the positions of insured plaintiffs and defendants, fails to anticipate the prejudice which might occur when both insured and uninsured parties are named in the same suit. Here, the fact that Vigils are the only parties to the action not represented by an insurance company could create the impression that the parties are financially unequal. It may be perceived that Taylor and USF & G are bringing suit against an uninsured defendant who would not have the means to satisfy any judgment entered against him. In contrast, a jury might infer that insured parties, such as Taylor and Calomino, have access to "deep pockets" and it could return a verdict accordingly. Other jurors might even tend to find against a party out of fear that any judgments against an insured or insurer party could contribute to an increase in their costs of liability insurance.

The inquiries attending the questions of which parties must be named or which parties must be joined to permit the just and proper maintenance of a lawsuit have been formalized in logically discrete rules of procedure. *See* NMSA 1978, Civ.P.R. 17, 19, and 21 (Repl.Pamp.1980). We acknowledge, however, that previous New Mexico

decisions have unnecessarily confused these inquiries with the fear that any disclosure of insurance at trial will prejudice an insured party or an insurer party. *See Maurer*, 95 N.M. at 287, 621 P.2d at 504; *Campbell*, at 97 N.M. at 150, 637 P.2d at 581; and *compare* the assessment of *Sellman* in Comment, *Insurance: Joinder of Defendant's Insurer, A Resolution of the "Sellman" Problem*, 1 N.M.L.Rev. 375, 377–381 (1971). This fear of prejudice is most apparent in cases decided prior to our adoption of NMSA 1978, Evid.R. 411 (Repl. Pamp.1983) (adopted April 26, 1973, and made effective July 1, 1973). *See, e.g., Fort v. Neal*, 79 N.M. 479, 444 P.2d 990 (1968); *Faulkner v. Martin*, 74 N.M. 159, 391 P.2d 660 (1964); and *Garcia v. Sanchez*, 68 N.M. 394, 362 P.2d 779 (1961).

*Maurer* sought to reconcile this perceived potential for prejudice with the unfairness apparent in *Sellman's* required joinder of a plaintiff's subrogated insurer. Today, we reject *Maurer's* attempted reconciliation as being unnecessary in view of the procedure we direct to be followed in cases of this nature, and our clarification of Evid.R. 411.

## II.

■ As necessitated by our ensuing resolution of this case, we hereby overrule *Sellman, Maurer,* and *Campbell,* to any extent that they are inconsistent with the approach we adopt in this Opinion. Trial courts are instructed to disregard these cases as authority for any joinder issues concerning insurers or insureds.

In future, when subrogated insurers are required by Civ.P.R. 17 to be joined as a party, and the case is to be tried to a jury, the fact of the insurer's joinder is not to be disclosed to the jury. Instead, the insured party shall assert his claim for all damages recoverable from the one who allegedly caused the harm, including any amount for which his insurer would be entitled to subrogation against the defendant or counterdefendant. If it is the insured who has been joined, as in the instant case, the requirement shall be the same. If the injured party or parties should recover damages, the insurer shall then be permitted to prove its subrogation claim to the trial court and, from the proceeds of any recovery, the court shall apportion the recovery between the insured and his insurer according to their respective entitlements.

The procedure outlined above has, as a practical matter, been the manner of proceeding that has been followed by agreement of the parties in many districts of New Mexico for decades. Our adoption of this method hereafter as a required procedure in *Sellman*-type cases will obviate any unfair effects visited upon either a plaintiff or defendant, as recognized in *Maurer*, if either or both of them are insured, and will, at the same time, safeguard the interests of all insurers to the extent of their subrogated rights.

## III.

Despite our resolution of the joinder question in cases of this nature, the potential for juror awareness of insurance coverage in some instances will be made possible by the applicable rules of evidence adopted by this Court. *See* NMSA 1978, Evid.R. 101, 105, 401, 402, 411, and 1101 (Repl. Pamp.1983); *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976) (Supreme Court's power to regulate practice in, and promulgate rules of evidence for, inferior courts is rooted in N.M. Const. art. III, Section 1 and art. VI, Section 3), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978).

Of these evidentiary rules, Rule 411 has particular impact:

> Evidence that a person was or was not insured against liability *is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose*, such as proof of agency, ownership or control, or bias or prejudice of a witness.

NMSA 1978, Evid.R. 411 (Repl.Pamp.1983) (emphasis added).

While the joinder principles of *Sellman, Maurer,* and *Campbell* perpetuated concern for the prejudicial effects of compelling the joinder of an insurer, the decisions of this Court and the Court of Appeals of New Mexico which apply Rule 411 recognize that an evidentiary disclosure of insurance coverage is not completely forbidden. *See, e.g. Mac Tyres, Inc. v. Vigil,* 92 N.M. 446, 589 P.2d 1037 (1979) (impeachment evidence revealing insurance coverage was admissible); *Martinez v. Teague,* 96 N.M. 446, 631 P.2d 1314 (Ct.App.1981) (evidence of insurance admitted to rebut discrediting effect of prior misleading testimony); *Bloom v. Lewis,* 97 N.M. 435, 640 P.2d 935 (Ct.App.1980) (insurance coverage admissible to show applicability of family purpose doctrine), *rev'd on other grounds,* 96 N.M. 63, 628 P.2d 308 (1981); and *Grammer v. Kohlhaas Tank and Equipment Co.,* 93 N.M. 685, 604 P.2d 823 (Ct.App.1979) (disclosure of insurance coverage allowed where such testimony went to impeachment of and an admission by opposing party's witnesses), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980).

Clearly, New Mexico has rejected any blanket rule barring the introduction of *any* evidence of a party's insured status. *Teague,* 96 N.M. at 448–49, 631 P.2d at 1316–17. In addition to the particular instances listed in Rule 411 as examples of permissible use of evidence of insurance, the rule expressly permits the introduction of such evidence for any purpose other than those specifically proscribed. *See Teague,* 96 N.M. at 449, 631 P.2d at 1317; *Grammer,* 93 N.M. at 691, 604 P.2d at 829. We are in accord with at least two federal circuits applying the verbatim equivalent of our Rule 411 which have indicated that evidence of liability insurance can be introduced to bear upon some other relevant and material issue in addition to agency, ownership, control, or bias or prejudice of a witness. *Savoie v. Otto Candies, Inc.,* 692 F.2d 363 (5th Cir.1982) (letters from defendant's insurer to plaintiff held to be admissible evidence of the plaintiff's employment status); *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir.1977) (some references to defendant's insurance were not evidentiary and were made in the course of legal argument; other references were admissible for impeachment); and *Posttape Associates v. Eastman Kodak Co.,* 537 F.2d 751 (3rd Cir.1976) (error to exclude insurance evidence when offered to show opposing party's knowledge of custom in the film trade).

In a similar vein, respected commentators on the law of evidence have noted:

> Most courts recognize the general principle that evidence of defendant's insurance against liability is relevant and therefore admissible if its existence tends to prove some material issue and it does not require use of the forbidden hypothesis, 'an insured person tends to be more careless (or more careful) than one who is uninsured.' Rule 411 sets forth the three most common situations in which such evidence has generally been deemed admissible. These explicit exceptions are not all inclusive but are only illustrative.

2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 411[03] (1982).

■ The foregoing authorities illustrate the application of Rule 411. Accordingly, we expressly hold that while Rule 411 does not wholly preclude the admission of insurance-disclosing evidence, it expressly prohibits such evidence when the proponent is plainly offering it to show that the insured person was any more or less negligent or wrongful by virtue of his insured status.

We do not intend by this holding to sanction the admission of any evidence which should otherwise be excluded under the other rules of evidence, especially those governing relevancy. NMSA 1978, Evid.R. 401–03 (Repl.Pamp.1983). Trial courts should continue to balance the probative value of such evidence against its prejudicial effect and against the other considerations listed in Rule 403. *See Grammer,* 93 N.M. at 692, 604 P.2d at 830.

Upon contemplating the prejudicial effects of evidence that reveals insurance coverage, trial courts should recognize that

the prejudicial tendencies can go in both directions. While some jurors might view the insurance company as a "deep pocket" and thus tend to find liability, or liability at a higher amount, other jurors (especially those who have purchased liability) will no doubt be keenly aware of the cumulative effect of additional or increased awards upon their costs of insurance. Moreover, a somewhat related and significant factor will soon have an effect upon the deliberations of juries. As of January 1, 1984, every motor vehicle subject to registration under the laws of our state, with but few specified exceptions, must either be insured against liability, execute a surety bond, or post a cash deposit for the minimal amount of $60,000. NMSA 1978, §§ 66–5–201 through 66–5–239 (Cum.Supp.1983). Compulsory insurance may certainly contribute to the modern juror's view that insured parties are not uncommon. *See* E. Cleary, *McCormick's Handbook of the Law of Evidence* § 201 (2nd ed. 1972). Nevertheless, there may be legitimate questions of coverage not at all relevant to the issue of liability which may be overlooked by jurors in their awareness of the statutory requirements for insurance. Thus, evidentiary prejudice must also be assessed in the context of these present-day realities and a juror's possible misconceptions arising from his knowledge of mandatory insurance requirements.

New Mexico juries, upon becoming privy to the fact that a party is insured and upon the timely request of the party whose insurance coverage was disclosed, are currently instructed to "refrain from *any* inference, speculation or discussion about insurance." NMSA 1978, UJI Civ. 2.8 (Repl. Pamp.1980) (emphasis added); *and see also Cardoza v. Town of Silver City*, 96 N.M. 130, 137, 628 P.2d 1126, 1133 (Ct.App.1981), *cert. denied*, 96 N.M. 116, 628 P.2d 686 (1981). These hortatory restraints follow from the postulate in the instruction that "[w]hether a party is insured *has no bearing whatsoever* on *any* issue that you [the jury] must decide." (Emphasis added). We hereby withdraw this jury instruction in view of its inconsistency with Evid.R.

411 and the comments upon that rule contained in this Opinion. Hereafter, parties whose insurance coverage has been disclosed by a permissible evidentiary revelation during trial may request an instruction which, consistent with Evid.R. 411, explains the purpose of that evidence and, in the same instruction, forecloses juror consideration of insurance *as an indicator of liability or the amount (if any) of liability. See* NMSA 1978, Evid.R. 105 (Repl.Pamp. 1983); and NMSA 1978, UJI Civ. 2.10 directions and committee comment (Repl. Pamp.1980).

The court of appeals is reversed and the cause is remanded to the district court for further proceedings consistent with this Opinion.

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent.

This case came before this Court on a writ of certiorari to determine whether the Court of Appeals erred in reversing the trial court's dismissal of the petitioner, Safeco, as a party below. The majority opinion has adopted a position that says, in essence, the fact of an insurer's joinder is not to be disclosed to the jury. With this I disagree.

This Court has in the past taken progressive steps in recognizing the need to change and modify legal concepts. *See Ramirez v. Armstrong*, 100 N.M. 538, 673 P.2d 822 (1983); *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981). Here, in not recognizing the fact that disclosure of insurance companies as parties is proper and appropriate, the majority has missed an opportunity to do so again.

While the majority properly concludes that an insurance company may be the real party in interest and thus subject to joinder pursuant to NMSA 1978, Civ.P. Rule 17 (Repl.Pamp.1980), this opinion still proceeds to maintain the fiction that the in-

sured is the real party in interest in order to protect insurance companies from allegedly oversympathetic juries.

I have great faith in the jury's ability to consider difficult and complicated cases, and to do so free of bias or prejudice. I am not convinced that juries will be misled in deciding the issues that are appropriately before them simply because of the disclosure of insurance. The joinder provisions as found in the Rules of Civil Procedure have been developed to provide for joinder of necessary parties to the litigation. *See* NMSA 1978, Civ.P.R. 17, 18, 19, 20 and 21 (Repl.Pamp.1980). Civ.P.Rule 17(a) provides in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought * * * Where it appears that an action, by reason of honest mistake, is not prosecuted in the name of the real party in interest, the court may allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

In other types of cases, disclosure of the joinder of the real party in interest has never been an issue. For reasons that may never have been valid, insurance has been an exception. Once properly joined, a party should not be given a special non-disclosed status. Nevertheless, the majority allows the fact of the insurer's joinder to remain unknown to the jury. It is time we recognize that an insurance company is no different, and should be treated no differently.

Moreover, while establishing a non-disclosure procedure, the majority has at the same time placed an intolerable burden on the trial court in terms of trying to sift out what is admissible insofar as evidence that relates to insurance and insurance companies. In addition, the non-disclosure of an insurer as a real party in interest will only serve to provide an unneeded temptation to somehow get this information before the jury. A review of the cases indicates that it is difficult to control the admission of insurance disclosing evidence, and once it has been disclosed, the judicial remedies for this disclosure gives cause for thought as to their adequacy and efficiency. *See Cardoza v. Town of Silver City*, 96 N.M. 130, 628 P.2d 1126 (Ct.App.), *cert. denied*, 96 N.M. 116, 628 P.2d 686 (1981). Continuing to resort to this type of legal reasoning only compounds the problem.

In my opinion, the alleged benefits of the new non-disclosure rule are outweighed by the disadvantages. The majority could create a far more efficient procedure without damaging the concept of equitable jury verdicts by simply allowing for the disclosure that an insurance company is a party to the action.

For these reasons I dissent.